13-15-00390-CV

Electronically Filed
7/8/2015 3:32:20 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-2916-15-C

| | | |
|---|---|---|
| ARGUELLO, HOPE, AND ASSOCIATES, PLLC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, Plaintiff, | § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | |
| NATIONAL LLOYDS INSURANCE COMPANY, Defendant. | § § § | _____ JUDICIAL DISTRICT |

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
8/27/2015 2:15:06 PM
CECILE FOY GSANGER
Clerk
HIDALGO COUNTY, TEXAS

## PLAINTIFF'S CLASS ACTION PETITION

TO THE HONORABLE JUDGE:

COMES NOW, Arguello, Hope, and Associates, PLLC ("Plaintiff" or "Arguello"), individually and on behalf of all others similarly situated ("Class Members"), by and through the undersigned counsel, and brings this action against National Lloyds Insurance Company ("Defendant" or "National Lloyds"). Plaintiff files this Class Action Petition, and respectfully shows this Honorable Court the following:

### I. INTRODUCTION

1. This class action suit concerns National Lloyds' intentional, tortious interference with existing attorney-client representation agreements. National Lloyds requested and instructed its agents to approach individuals, which it knew to be parties to an existing contractual relationship with an attorney, and entice those individuals to breach the contractual relationship with their attorney. National Lloyds interfered with existing attorney representation agreements in order to further its own financial interests by obtaining lower value settlements of existing legal claims. National Lloyds instructed its agents to use monetary offers and promises

-1-

**R.0001**

of claim settlement in exchange for the policyholder's agreement to terminate his or her attorney in direct violation of the existing attorney representation agreements.

2.    National Lloyds failed to inform the individuals that it solicited to violate existing contracts that they may remain liable to their attorneys for expenses incurred and/or the value of legal services rendered up to the point of this unlawful termination of the contract.  National Lloyds acted with complete disregard for the consequences faced by the individuals it illegally solicited.  National Lloyds' sole desire was to terminate the existing attorney-client relationship so that it could obtain a lower settlement of policyholders' claims.

3.    This course of action by National Lloyds was not an isolated event, but rather a systematic and widespread campaign to entice numerous policyholders to breach their attorney representation contracts for National Lloyds' benefit.  National Lloyds took these actions because persons who are not represented by attorneys are often more easily bullied and intimidated into accepting whatever offer National Lloyds deems fit to offer.  National Lloyds also sought to avoid paying attorney's fees and other recoverable legal expenses that it legally owes policyholders by tortiously interfering with the existing contractual representation agreements.

4.    Further, Plaintiff alleges that this illegal course of action was undertaken with full knowledge by National Lloyds' General Counsel, Scot G. Doyen, who is a licensed attorney in the State of Texas.  The Texas Rules of Professional Conduct mandate that a lawyer shall not cause or encourage another to communicate about the subject of the representation with a person, organization or entity of government the lawyer knows to be represented by another lawyer regarding that subject.  *See* TEX. R. PROF. CONDUCT 4.02.  However, this is precisely what National Lloyds did.  Each of these instances constitutes a separate violation of the Rules of

-2-

**R.0002**

**C-2916-15-C**

Professional Conduct by National Lloyds' General Counsel, which will be referred to the appropriate investigative body.

5.     In addition to the illegal and unethical interference with existing attorney-client contracts, National Lloyds also specifically named individual attorneys in letters published to agents:



**NATIONAL LLOYDS**   **AMERICAN SUMMIT**
P.O. Box 2650 Waco, Texas 76702-2650

4/6/15

NOE PRO
2004 ORCHID AVE
MCALLEN, TX 78504-1152

RE: Policy Number HO6058406-08

Dear Agent,

On 3/28/2015 the attorney presented a demand to National Lloyds Insurance Company on behalf of your customer the amount of ▇▇▇▇▇ Considering the size and scope of loss your insured suffered, we cannot agree to such a demand. However, we would like to resolve this claim.

We responded to the attorney in writing. At that time we requested information from your customer via their attorney related to this claim. To date, we have not received the requested information. National Lloyds Insurance Company's goal is to provide fast and fair claims-handling for our insureds, and we hope that your customer's attorney shares our desire to reach a speedy resolution.

On 5/13/2014 we conducted an inspection of your customer's property and made an offer to settle the claim with the attorney. This offer was rejected by the attorney. We would have been able to make this settlement offer directly to your customer if not for attorney representation.

Should you have contact with your customer, please inquire of any manner in which we can be of help to them on their claim. If they would like to have their claim re-evaluated, or if they have questions about their claim, please let us know immediately so we can get you an appropriate response.

Should you happen to speak to this client and learn that they wish to dismiss their attorney, we have enclosed a form to help with that. PLEASE NOTE, we are not asking you to encourage your client to terminate their attorney/client relationship. But in case your client wants to terminate that relationship, the enclosed tool will facilitate that. As always, our primary objective is the proper handling of your client's claim.

Should you have any questions or concerns please contact us at the number below.

Sincerely,

Scott Mahathey, AIC
Claims Manager
Ph. 254-981-7110
FAX: 254-730-9110
smahathey@natlloyds.com

Cc: Kevin
Encl.: Sample Letter to Attorney

-3-

**R.0003**

C-2916-15-C

Date: _____

To:
Arguello, Hope and Associates, PLLC
1110 Nasa Parkway
Houston, TX 77058

From:
JORGE & SONIA FLORES
1102 COLORADO ST ALAMO TX

Re: Termination of Contract, Claim Number NL368274, National Lloyds Insurance Company

Dear Arguello, Hope and Associates, PLLC:

Please be advised that I would like to terminate our attorney-client relationship on the above-referenced matter. Any power of attorney I executed pertaining to this matter is hereby revoked. You are instructed to cease working on this matter and return all files associated with my case to my address above.

Sincerely,

_____
JORGE & SONIA FLORES

## II. DISCOVERY CONTROL PLAN

6.  Plaintiff intends to conduct discovery pursuant to Level 3, Rule 190.4 of the Texas Rules of Civil Procedure because this action involves complex legal and factual issues and will require extensive discovery. Plaintiff requests the Court to enter a discovery control plan tailored to the particular circumstances of this suit.

## III. PARTIES

7.  Plaintiff, Arguello, Hope, and Associates, PLLC, is a law firm and deemed a Texas citizen that at all relevant times had its principal place of business in Harris County, Texas.

8.  Defendant, National Lloyds Insurance Company, is a Texas corporation with its principal place of business located in Waco, Texas and is deemed a Texas citizen. This

-4-

**R.0004**

**C-2916-15-C**

defendant may be served with personal process, by a process server, through its President, or any other officer, at 510 North Valley Mills Drive, Suite 202, Waco, Texas 76710.

## IV. JURISDICTION AND VENUE

9.      This Court has jurisdiction over this cause brought as a class action under Rule 42 of the Texas Rules of Civil Procedure because the amount in controversy is within the jurisdictional limits of the Court.   The proposed class contains less than ninety-nine (99) members.   The aggregate amount in controversy does not exceed $5,000,000.   In short, there is no jurisdiction under the Class Action Fairness Act, Title 28 U.S.C. § 1332(d)(2), and any removal to federal court would be in bad faith and subject to sanctions.

10.     The Court has jurisdiction over Defendant National Lloyds because it is a citizen of the State of Texas and engages in the business of insurance in the State of Texas, and this suit arises out of Defendant's property insurance business activities in the State of Texas.  Plaintiff is also a citizen of Texas.   Furthermore, this case is not removable as all party plaintiffs (2/3 or more of the Class) and Defendant are citizens of the State of Texas.

11.     This Court has personal jurisdiction over Defendant because it does business in Texas and has sufficient contacts with the State of Texas, both generally and with regard to this specific action, so that exercise of personal jurisdiction over it is proper and does not offend traditional notions of fair play and substantial justice.

12.     Plaintiff is asserting no federal claims, and every claim arising under the Constitution, treaties, and laws of the United States is expressly disclaimed (including any claim arising from an act or omission of a federal enclave, or any officer of the United States or agency or person acting under him occurring under color of such office).  Plaintiff is asserting neither a claim of admiralty nor maritime law.   Although the claims herein have a value in excess of

**R.0005**

C-2916-15-C

$75,000, removal would be improper because this suit involves claims only between citizens and residents of Texas, and hence there is a lack of complete diversity of citizenship.

13.    Venue is proper in Hidalgo County, Texas, because it is where a substantial part of the events or omissions giving rise to Plaintiff's claim occurred. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). National Lloyds targeted numerous agents in Hidalgo County and interfered with existing attorney representation agreements in Hidalgo County.

### V. FACTUAL BACKGROUND

14.    In 2015, National Lloyds began an orchestrated campaign of fraud, intimidation and coercion toward its own insureds and their legal representatives. National Lloyds sent written instructions to its agents, urging them to discuss insureds' claims that National Lloyds knew were already in existing litigation. National Lloyds enlisted the help of its agents because it was fully aware that it was illegal to directly contact these individuals after they had enlisted the aid of an attorney. However, the law equally prohibits the use of agents to conduct this campaign of intimidation and coercion.

15.    National Lloyds drafted letters to its agents, enlisted the agents help in contacting policyholders, and even provided agents a form letter for clients to sign terminating the insured's attorney-client relationship. Many of the agents and policyholders who received letters reside in Hidalgo County, Texas.

16.    The letters detail confidential settlement offers made to plaintiffs in the underlying lawsuits and also include phrases like: "We would have been able to make this settlement offer directly to your customer if not for attorney representation."

17.    The letter sent by National Lloyds to its agents clearly encourages its agents to contact their customer (which National Lloyds and its attorneys cannot do as the insureds are represented persons), make inquiries regarding their claim in litigation (which National Lloyds

-6-

**R.0006**

and its attorneys cannot do), and facilitate the insured in terminating their attorney/client relationship (which National Lloyds and its attorneys cannot do). *See* TEX. R. PROF. CONDUCT 4.02.

18. National Lloyds' General Counsel, Scot Doyen, is aware of this ongoing wrongful conduct. In fact, on April 14, 2015, Scot Doyen testified before the Texas Senate Business & Commerce Committee about this unethical conduct. During his testimony, Mr. Doyen acknowledged his awareness of the practice and his familiarity with those involved in this conduct when questioned by Senator Kirk Watson:

| | |
|---|---|
| Watson: | . . . I'm talking about a situation where you know there is a contract, and you're actually sending a power of attorney, trying to get a power of attorney into the hands of your insured to fire their lawyer. Would you consider that to be an ethical practice? |
| Doyen: | No sir, and that is not what National Lloyds has attempted to do. But there is this situation that is exemplified by one insured specifically who had a number of properties insured with National Lloyds. One of them he had hired a public adjuster and did not realize he was a plaintiff to a lawsuit. Went to insure another property, a rental property, with National Lloyds. National Lloyds said, "Wait he has sued us we don't want to write that property." It was news to him. He didn't even know he had sued National Lloyds and he specifically asked his agent, "I didn't know I had hired a lawyer. I didn't know I had sued anyone. How do I get rid of this lawyer?" |
| Watson: | And I agree that's wrong. I am talking about whether or not National Lloyds is interfering with the contracts between lawyers and your insureds. Do you have--does National Lloyds send letters to its agents saying, "If you can get this into the hands of the insured, we will be able to settle that claim if we get the lawyer out of there." Does National Lloyds do that? |

-7-

C-2916-15-C

Doyen:        No, sir.  That is not the intent of anything going from National Lloyds.  The--

Watson:       So if I have reason to believe that has happened with National Lloyds then that's just something you don't know about?

Doyen:        Senator, my understanding is that if an insured does not know that they have hired a lawyer, they did not intend to hire a lawyer, they do not want to have a lawyer, that National Lloyds would provide to the agent a mechanism, a sample letter even, to say, "yes, here is something your insured can use."  But it is never to interfere with a legitimate contract between insured and attorney.

Watson:       How do you know whether it's a legitimate contract?  How do you know whether there is a relationship between that individual and the lawyer that you're--because you've now admitted to me that National Lloyds DOES send letters to the agents saying, "Here is a form letter for them to fire their lawyer"?  How do you know that that's, as you described, a situation whether they don't know they have a lawyer?

Doyen:        In some instances, National Lloyds has found about it directly through the agent and the agent has requested such an exemplar letter and so National Lloyds has written back to agents to say, "Here a claim has come in, claim has been made."  We certainly respect the right to go out and hire a public adjuster or a lawyer.  If it is one of those instances where the agent is told that, "I do not want to have a lawyer."  Then, at the request of numerous agents, National Lloyds has provided a letter that can be used for that purpose.

Watson:       Do you know a Scott Mahathey?

Doyen:        I know Mr. Mahathey, yes sir.

Watson:       Okay. Does he follow the policy you just talked about?

-8-

**R.0008**

Doyen:        Yes, sir, I believe he does.[1]

19.        Instead of forbidding an unethical and wrongful practice, counsel for National Lloyds continues to defend it.   National Lloyds' actions have injured Plaintiff and Class Members.

20.        All conditions precedent to the bringing of Plaintiff's and Class Members' claims have been satisfied.

## VI. CLASS ALLEGATIONS/CLASS DEFINITION

21.        Plaintiff seeks certification of a class ("the "Class"), pursuant to TEX. R. CIV. P. 42, defined as follows:

> ALL ATTORNEYS WHO ARE CITIZENS AND RESIDENTS OF TEXAS WITH FORMER OR EXISTING CONTRACTUAL RELATIONSHIPS WITH A NATIONAL LLOYDS INSURED WHO WAS CONTACTED AND/OR SOLICITED TO TERMINATE THE ATTORNEY REPRESENTATION AGREEMENT BY NATIONAL LLOYDS OR ITS AGENT.

22.        This action is properly brought as a class action under TEX. R. CIV. P. 42.

23.        More than two-thirds (2/3) of the Class members are citizens of the State of Texas.   National Lloyds, whose wrongful conduct forms the basis of the claims asserted by Plaintiff and the Class Members and from which they currently seek relief, is a citizen of the State of Texas.

24.        The Class is so numerous that joinder of all Class Members in a single action is impracticable.   Although the number of Class Members cannot be precisely determined without

---

[1] Mr. Doyen's April 14, 2015 testimony before the Texas Senate Committee on Business and Commerce, 84th Regular Session, can be found at http://tlcsenate.granicus.com/MediaPlayer.php?view_id=30&clip_id=9677, at 45:01-48:13.

R.0009

discovery, Plaintiff is informed and believes that the Class consists of less than ninety-nine (99) members. There are questions of law and fact that are common to the Class and among those questions are:

(a) Whether National Lloyds' conduct constitutes tortious interference with a representation agreement when it willfully and intentionally interfered with preexisting attorney-client representation agreements and proximately caused Plaintiff and Class Members harm;

(b) Whether National Lloyds engaged in this conduct knowingly and with malice;

(c) Whether Plaintiff and Class Members are entitled to declaratory and injunctive relief or the equitable relief that is requested herein; and

(d) Whether National Lloyds' General Counsel should be referred to the State Bar of Texas for investigation and possible disciplinary action.

25. Plaintiff's claims are typical of the claims of the Class Members, and Plaintiff and all other Class Members sustained damage arising out of National Lloyds' common wrongful conduct.

26. Plaintiff is an adequate representative of the Class of insureds it seeks to represent. There are no conflicts between Plaintiff and the Class Members it seeks to represent, and Plaintiff will fairly and adequately protect the interests of the entire Class.

27. Plaintiff has suffered the same wrongs as Class Members generally and intends on seeing such wrongs remedied. Plaintiff is fully committed to thoroughly, adequately, and vigorously representing the interests of the Class Members. Plaintiff has retained counsel that is competent and experienced in class actions and tort litigation for this purpose.

28. The prosecution of separate actions by the individual Class Members would create a risk of inconsistent and varying adjudications with respect to individual Class Members, which would establish incompatible standards of conduct for National Lloyds within the meaning of Rule 42(b)(1)(A).

**R.0010**

29. Adjudications with respect to individual Class Members would, as a practical matter, be dispositive of the interests of the other Class Members not a party to the adjudications, or substantially impair or impede their ability to protect their interests within the meaning of Rule 42(b)(1)(B).

30. National Lloyds has refused to act on grounds fairly applicable to the Class, making appropriate final injunctive and corresponding declaratory relief with respect to the Class as a whole within the meaning of Rule 42(b)(2).

31. Questions of law and fact in common to the Class Members predominate over questions, if any, affecting any individuals within the meaning of Rule 42(b)(3). A Class is superior to other available methods for the fair and efficient adjudication of this controversy within the meaning of Rule 42(b)(3). Joinder of the Class Members is impractical, and pursuing Class Members' claims on an individual basis would be prohibitively expensive for most Class Members and inefficient from the standpoint of the judicial system.

32. The interest of Class Members in individually controlling the prosecution of actions to remedy National Lloyds' illegal and wrongful conduct is minimal. Class Members generally would not be able to individually pursue remedies for National Lloyds' illegal and wrongful conduct because Class Members' individual damages are generally not substantial enough that Class Members would be able to retain counsel willing to pursue an individual suit.

33. There are no difficulties that are likely to be encountered in the management of this lawsuit should it proceed as a class action.

34. Appropriate notice may be given by the best method practicable under the circumstances, including direct mail notice to potential Class Members, who, as insureds, can be

identified by National Lloyds through reasonable efforts and published notices.  Notices should properly be paid for by National Lloyds.

## VII. CAUSES OF ACTION

### COUNT I – TORTIOUS INTERFERENCE WITH AN EXISTING CONTRACT

35.     Plaintiff alleges and incorporates by this reference the allegations set forth in the proceeding paragraphs as though fully set forth herein.  National Lloyds' conduct, as described above, constitutes tortious interference with the representation agreements between Plaintiff, Class Members, and their clients.

36.     Plaintiff and Class Members had a valid contract for legal representation with their clients. Defendant National Lloyds willfully and intentionally interfered with those contracts.  This interference proximately caused Plaintiff's and Class Members' injuries, and Plaintiff and Class Members have incurred actual damage and loss.

### COUNT II – DECLARATORY AND INJUNCTIVE RELIEF

37.     Plaintiff alleges and incorporates by this reference the allegations set forth in the proceeding paragraphs as though fully set forth herein.

38.     National Lloyds engaged in willful and intentional wrongful conduct by interfering with an existing contract between Plaintiff, Class Members, and their clients.

39.     By reason of the foregoing, Plaintiff and Class Members have been and continue to be irreparably harmed and are entitled to preliminary and permanent injunctive, declaratory and equitable relief, as follows:

(a)     An order mandating National Lloyds cease sending letters interfering with Plaintiff's and Class Members' representation agreements with their clients;

(b)     An order enjoining and preventing National Lloyds from engaging in the wrongful conduct alleged herein in the future; and

**R.0012**

(c)    An order referring National Lloyds' General Counsel to the State Bar of Texas for investigation and possible disciplinary action for his role in this unethical and illegal campaign.

40.    Plaintiff also requests the Court to certify a 42(b)(3) class and for attorney's fees in accordance with Rule 42.

## VIII. DISCOVERY RULE AND FRAUDULENT CONCEALMENT

41.    Should Defendant raise a statute of limitations defense (and Plaintiff disputes any such defense would be viable), Plaintiff hereby specifically pleads application of the discovery rule and fraudulent concealment to defer and/or toll any allegedly applicable limitations. To the extent Defendant claims suit was not timely filed, Plaintiff pleads application of the discovery rule and that it tolled and/or deferred accrual of the cause of action and/or tolled limitations until the Plaintiff knew, or by exercising reasonable diligence should have known, of the facts giving rise to the claim, as well as for other reasons. Additionally and/or in the alternative, Plaintiff pleads one or more Defendants committed fraudulent concealment, and Plaintiff reasonably relied on this Defendant's misrepresentation or silence to its detriment.

### WRITTEN DISCOVERY

#### REQUESTS FOR DISCLOSURE

**R.0013**

Electronically Filed
7/8/2015 3:32:20 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

42. *Plaintiff's Request for Disclosure to Defendant National Lloyds Insurance Company* is attached as "Exhibit A."

## REQUESTS FOR PRODUCTION

43. *Plaintiff's Request for Production to Defendant National Lloyds Insurance Company is attached as "Exhibit B."*

## INTERROGATORIES

44. *Plaintiff's First Set of Interrogatories to Defendant National Lloyds Insurance Company is attached as "Exhibit B."*

## ADMISSIONS

45. *Plaintiff's First Set of Admissions to Defendant National Lloyds Insurance Company* is attached as "Exhibit B."

46. **X. SELF-AUTHENTICATION**

47. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, this is the "actual" written notice that all documents produced in this litigation shall be used by the Plaintiff at pretrial proceedings and trial. Hence, all documents produced in this litigation are deemed self-authenticating for use in any pretrial proceeding or at trial; and any objections thereto by the Defendant shall be in writing or placed on the record, giving Plaintiff a reasonable opportunity to establish the challenged document's authenticity.

## XI. RESERVATION OF RIGHTS

48. Plaintiff fully reserves the right to amend or supplement this Petition to add additional causes of action, parties and other claims as discovery continues.

**R.0014**

C-2916-15-C

## XII. JURY DEMAND

49. Plaintiff hereby demands a trial by jury on all matters so triable. Plaintiff hereby tenders the appropriate jury fee.

## XIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff and Class Members demand judgment against National Lloyds as follows:

(a) Determining that the action is a proper class action and certifying an appropriate 42(b)(3) Class and Sub-Classes pursuant to Rule 42 of the Texas Rules of Civil Procedure;

(b) Entering Judgment against National Lloyds and in favor of Plaintiff and Class Members, finding and declaring the acts and practices of National Lloyds to be unlawful;

(c) Entering Judgment against National Lloyds and in favor of Plaintiff and all Class Members for damages according to proof, plus pre-judgment and post-judgment interest, for the improper and wrongful acts that are the subject of this action;

(d) Entering judgment against National Lloyds for declaratory and injunctive relief against National Lloyds to prevent future wrongful conduct;

(e) Entering an order referring National Lloyds' General Counsel to the State Bar of Texas for investigation and possible disciplinary action for his role in this unethical and illegal campaign;

(f) Awarding Plaintiff and Class Members their costs and disbursements incurred in connection with this action, the costs of notice to the class, and their reasonable attorney's fees and costs of the proceeding herein;

(g) General, special, actual, consequential, and/or exemplary damages for tortious interference with a contract including, but not limited to, pecuniary loss of the benefits of the contract, lost profits (either calculated from the loss or the Defendant's profits), as well as exemplary damages; and

(h) Granting such other and further relief, including equitable relief, as the Court deems just and proper.

**R.0015**

**C-2916-15-C**

Respectfully submitted,


**MOSTYN LAW**

 */s/ J. Steve Mostyn*
J. Steve Mostyn
State Bar No. 00798389
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
jsmdocketefile@mostynlaw.com

 */s/ Amber Anderson Mostyn*
Amber Anderson Mostyn
State Bar No. 90001704
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
ALA_Teamefile@mostynlaw.com

 */s/ Gregory F. Cox*
Gregory F. Cox
State Bar No. 00793561
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)
gfcdocketefile@mostynlaw.com

**ATTORNEYS FOR PLAINTIFF**

-16-

Electronically Filed
8/6/2015 11:45:00 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

CAUSE NO. C-2916-15-C

| | | |
|---|---|---|
| ARGUELLO, HOPE, AND ASSOCIATES, | § | IN THE DISTRICT COURT OF |
| PLLC, INDIVIDUALLY AND ON | § | |
| BEHALF OF ALL | § | |
| OTHERS SIMILARLY SITUATED, | § | |
| Plaintiff, | § | |
| | § | |
| | § | HIDALGO COUNTY, TEXAS |
| VS. | § | |
| | § | |
| NATIONAL LLOYDS INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | 139th JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER & ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

After considering Plaintiff Arguello, Hope, and Associates, PLLC's, individually and on behalf of all others similarly situated ("Plaintiff" and collectively, "Class Members"), application for temporary restraining order, the pleadings, the affidavits, and arguments of counsel, the Court finds there is evidence that harm is imminent to Plaintiff and Class Members, and if the Court does not issue the temporary restraining order, Plaintiff and Class Members will be irreparably injured because National Lloyds Insurance Company ("Defendant" or "National Lloyds") will continue to unlawfully interfere with existing attorney representation agreements of Plaintiff and Class Members causing the loss of innumerable clients, the inability to recover expenses spent on Plaintiff's and Class Members' cases, an indeterminable amount of Plaintiff's and Class Members' law firms' goodwill, and the overall future business of Plaintiff and Class Members.

An ex parte order, without notice to Defendant, is necessary because there was not enough time to give notice to Defendant, hold a hearing, and issue a restraining order before the irreparable injury, loss, or damage would occur. Specifically, without a temporary restraining

-1-

**R.0017**

Electronically Filed
8/6/2015 11:45:00 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

order in place immediately, Defendant will continue sending these unlawful communications to persons it knows are represented by counsel, causing imminent, irreparable damage to Plaintiff and Class Members as discussed above.

Therefore, by this order, Defendant National Lloyds and its agents, employees, trustees, attorneys, representatives, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby

1.    RESTRAINED from sending letters or similar communications to its agents or insureds relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements;

2.    RESTRAINED from destroying all documents and/or communications relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements; and

3.    Defendant National Lloyds is hereby ORDERED to respond to all requests propounded in **Exhibit A**, attached hereto, within ten (10) days of entry of this order.

4.    Plaintiff shall post bond in the amount of $100.00 under Rule 684 of the Texas Rules of Civil Procedure.

5.    This order shall expire by its terms on August 13, 2015, at which time a hearing on temporary injunction shall be held in this Court at 9:00 AM/PM to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

ISSUED this 6th day of August, at 10:15 AM/PM.

_____
Hon. Roberto Flores

-2-

DATE 8/6/15

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#10

**R.0018**

# OFFICIAL RECEIPT
# Laura Hinojosa
Hidalgo County District Clerk
P.O. Box 87, Edinburg, Texas 78540
phone: 956.318.2200          fax: 956.318.2251
districtclerk@co.hidalgo.tx.us



| Payor | Receipt No. |
|---|---|
| LAW OFFICE OF GILBERT HINOJOSA | **SR-2015-1005** |

Transaction Date
08/6/2015

| Description | Amount Paid |
|---|---|

On Behalf Of  National Lloyds Insurance Company
C-2916-15-C
Arguello, Hope, & Associates, PLLC, Individually and on behalf of all Others VS. National Lloyds
Insurance Company
Bond Account

| | Amount |
|---|---|
| Bond (CV) | 100.00 |
| SUBTOTAL | 100.00 |
| **PAYMENT TOTAL** | **100.00** |
| Check (Ref #2480) Tendered | 100.00 |
| Total Tendered | 100.00 |
| Change | 0.00 |

C-2916-15-C VOL 21/15

| 08/06/2015 | Cashier Lidia E | Audit |
|---|---|---|
| 11:51 AM | Station LE | 12083912 |

# OFFICIAL RECEIPT

**R.0019**

CAUSE NO. C-2916-15-C

| | | |
|---|---|---|
| ARGUELLO, HOPE, AND ASSOCIATES, | § | IN THE DISTRICT COURT OF |
| PLLC, INDIVIDUALLY AND ON | § | |
| BEHALF OF ALL | § | |
| OTHERS SIMILARLY SITUATED, | § | |
| Plaintiff, | § | |
| | § | |
| | § | HIDALGO COUNTY, TEXAS |
| VS. | § | |
| | § | |
| NATIONAL LLOYDS INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | 139th JUDICIAL DISTRICT |

## EXHIBIT A

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS PURSUANT TO TEMPORARY RESTRAINING ORDER

TO:  DEFENDANT NATIONAL LLOYDS INSURANCE COMPANY, by and through its President, Darren E. Parmenter, 510 North Valley Mills Drive, Waco, TX 76710.

Plaintiff requests that the above-named Defendant, National Lloyds Insurance Company, disclose, within the time ordered by the Court, the information or material described in the following *Requests for Production of Documents Pursuant to Temporary Restraining Order*.

**R.0020**

Respectfully submitted,


MOSTYN LAW

*/s/ J. Steve Mostyn*

J. Steve Mostyn
State Bar No. 00798389
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
jsmdocketefile@mostynlaw.com

*/s/ Amber Anderson Mostyn*

Amber Anderson Mostyn
State Bar No. 90001704
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
ALA_Teamefile@mostynlaw.com

*/s/ Gregory F. Cox*

Gregory F. Cox
State Bar No. 00793561
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)
gfcdocketefile@mostynlaw.com

**ATTORNEYS FOR PLAINTIFF**

-2-

## PLAINTIFF'S REQUESTS FOR PRODUCTION PURSUANT TO TEMPORARY RESTRAINING ORDER

1.    All documents and communications sent by National Lloyds containing language identical or similar to the documents attached hereto as Exhibit 1 since March 2012, including all drafts.

**RESPONSE:**


2.    All documents and communications that National Lloyds sent to or received from an insured following the insured's termination of its attorney representation agreement since March 2012.

**RESPONSE:**

-3-



NATIONAL LLOYDS    AMERICAN SUMMIT

4/6/15

NOE PRO
2004 ORCHID AVE
MCALLEN, TX 785044152

RE: Policy Number HO9038655-09

Dear Agent,

On 3/28/2015 the attorney presented a demand to National Lloyds Insurance Company on behalf of your customer the amount of $104,568.57. Considering the size and scope of loss your insured suffered, we cannot agree to such a demand. However, we would like to resolve this claim.

We responded to the attorney in writing. At that time we requested information from your customer via their attorney related to this claim. To date, we have not received the requested information. National Lloyds Insurance Company's goal is to provide fast and fair claims handling for our insureds, and we hope that your customer's attorney shares our desire to reach a speedy resolution.

On 8/13/2014 we conducted an inspection of your customer's property and made an offer to settle this claim with the attorney. This offer was rejected by the attorney. We would have been able to make this settlement offer directly to your customer if not for attorney representation.

Should you have contact with your customer, please inquire of any manner in which we can be of help to them on their claim, if they would like to have their claim re-evaluated, or if they have questions about their claim, please let us know immediately so we can get you an appropriate response.

Should you happen to speak to the client and learn that they wish to dismiss their attorney, we have enclosed a form to help with that.   PLEASE NOTE, we are not asking you to encourage your client to terminate their attorney/client relationship. But in case your client wants to terminate that relationship, the enclosed tool will facilitate that. As always, our primary objective is the proper handling of your client's claim.

Should you have any questions or concerns please contact us at the number below.

Sincerely,

Scott Mahaffey, AIC
Claims Manager
Ph. 254-961-7110
FAX) 254-730-9110
smahaffey@natllloyds.com

Cc: Kevin
Encl.: Sample Letter to Attorney

EXHIBIT

R.0023

Date: _____

To:
Arguello, Hope and Associates, PLLC
1110 Nasa Parkway
Houston, TX 77058

From:

Re: Termination of Contract, Claim Number NL368274, National Lloyds Insurance Company

Dear Arguello, Hope and Associates, PLLC:

Please be advised that I would like to terminate our attorney-client relationship on the above-referenced matter. Any power of attorney I executed pertaining to this matter is hereby revoked. You are instructed to cease working on this matter and return all files associated with my case to my address above.

Sincerely,

_____

CAUSE NO. C-2916-15-C

| | | |
|---|---|---|
| ARGUELLO, HOPE, AND ASSOCIATES, PLLC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, Plaintiff, | §<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HIDALGO COUNTY, TEXAS |
| NATIONAL LLOYDS INSURANCE COMPANY, Defendants | §<br>§<br>§<br>§<br>§ | 139TH JUDICIAL DISTRICT |

---

**DEFENDANT NATIONAL LLOYDS INSURANCE COMPANY'S MOTION TO TRANSFER VENUE, PLEA TO THE JURISDICTION AND ORIGINAL ANSWER**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, NATIONAL LLOYDS INSURANCE COMPANY, hereinafter "Defendant", and files this, its Motion to Transfer Venue, Plea to the Jurisdiction and Original Answer to Plaintiff, Arguello, Hope, and Associates, PLLC, Individually and on Behalf of all Others Similarly Situated's, Class Action Petition, and for cause, would respectfully show the Court the following:

**I.**
**MOTION TO TRANSFER VENUE**

1.      In accordance with Rule 86 of the Texas Rules of Civil Procedure, Defendant files this Motion to Transfer Venue in objection to the venue chosen by Plaintiff, concurrently with its Plea to the Jurisdiction and Original Answer to Plaintiff's Class Action Petition.

2.      Defendant denies that venue is proper in Hidalgo County, Texas and further objects to the venue of this lawsuit on the basis that venue is mandatory in Harris County, Texas. Alternatively, Plaintiff has pled insufficient facts in its Class Action Petition to support its allegation that venue is proper in Hidalgo County, Texas pursuant to the general venue rule.

**R.0025**

Also, alternatively, Defendant requests transfer of this action to another county of proper venue for the convenience of the parties and witnesses pursuant to Section 15.002(b) of the Civil Practice and Remedies Code.

## A. Mandatory Venue Provisions Control this Action.

3.        Section 15.016 of Texas's Civil Practice and Remedies Code requires actions governed by statutes prescribing mandatory venue to be brought in the county required by that statute. If a lawsuit involves a single claim or cause of action that is governed by a mandatory venue provision, included amongst other causes of action that do not, then the entire suit must be brought in the county required by the mandatory provision.[1]

4.        Plaintiff filed its Class Action Petition in Hidalgo County, Texas alleging tortious interference with an existing contract and requesting a declaratory judgment and an injunction.[2] While the tortious interference claim does not fall under a mandatory venue provision, Plaintiff's request for declaratory judgment does.

5.        Plaintiff states that Defendant's counsel, Scot Doyen, has caused or encouraged Defendant to tortuously interfere with existing contracts, thereby violating the Texas Rules of Professional Conduct.[3] Plaintiff requests that this Court certify the alleged Class based on, among other things, "[w]hether National Lloyds' General Counsel should be referred to the State Bar of Texas for investigation and possible disciplinary action."[4] Through its declaratory judgment action, Plaintiff also requests that this Court ultimately "[e]nter[ ] an order referring

---

[1] TEX. CIV. PRAC. & REM. CODE § 15.004
[2] *See generally* Plaintiff's Class Action Petition.
[3] *See* Plaintiff's Class Action Petition, para. 4.
[4] *See id.*, para. 24.

National Lloyds' General Counsel to the State Bar of Texas for investigation and possible disciplinary action for his role in this unethical and illegal campaign."[5]

6.      Such factual determinations and requests for relief are governed by a certain set of rules and procedures, the Texas Rules of Professional Conduct and Texas Rules of Disciplinary Procedure. Texas Rule of Disciplinary Procedure 3.03 mandates venue for disciplinary actions to be brought in the county of the accused's principal place of practice. Section 15.016 of Texas's Civil Practice and Remedies Code requires actions governed by statutes prescribing mandatory venue to be brought in the county required by that statute. Mr. Doyen is a partner at Doyen Sebesta, located at 450 Gears Road, Suite 350, Houston, Harris County, Texas 77067. His principal place of practice is, thus, in Houston, Harris County, Texas, not Hidalgo County, Texas.

7.      As there is a mandatory venue provision affecting all of Plaintiff's claims, Hidalgo County, Texas is an impermissible venue for Plaintiff's lawsuit. Therefore, pursuant to Texas Rule of Disciplinary Procedure 3.03 and Section 15.016 of Texas's Civil Practice and Remedies Code, this Court must transfer this entire suit to Harris County, Texas.

**B.  Alternatively, Hidalgo County is not a Proper Venue under the General Venue Rule**

8.      Despite there being a mandatory venue provision dictating the proper forum for this lawsuit, Hidalgo County, Texas is still an improper venue under the general venue rule because Plaintiff has failed to allege facts sufficient to support its contention that venue is proper in Hidalgo County, Texas. Plaintiff merely states that venue is proper in Hidalgo County, Texas because that is where a substantial part of the events or omissions giving rise to Plaintiff's claim

---

[5] *See id.*, para. 39 and section XIII.

*Defendant National Lloyds Insurance Company's*
*Motion to Transfer Venue, Plea to the Jurisdiction and Original Answer*                    *Page 3 of 13*

**R.0027**

occurred. Since Defendant is objecting to Plaintiff's choice of venue, Plaintiff now has the burden to prove that venue is maintainable in Hidalgo County.[6]

9.      Venue is only proper in Hidalgo County if (1) there is a mandatory venue provision requiring the action to be maintained in Hidalgo County, (2) there is a permissive venue provision that controls this action, or (3) the general venue rule applies. Plaintiff has alleged that the general venue rule applies to its lawsuit by stating that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Hidalgo County.[7]

10.     To require Plaintiff to meet its burden and prove this assertion, Defendant "must plead venue facts [ ] that show no individual defendant resides in the forum county, no defendant business has its principal Texas office there, and a substantial part of the events did not occur there."[8]

11.     Here, Defendant is a not a natural person, its principal office is in Waco, McLennan County, Texas, and the county where all or a substantial part of the events or omissions giving rise to the claims asserted occurred in either Harris or McLennan County.

12.     While completely unsupportable, Plaintiff alleges that all or a substantial portion of the alleged tortious contract interference occurred in Hidalgo County, Texas. Interestingly, Plaintiff does not allege which contracts were interfered with or who the parties to those contracts were. Instead, Plaintiff alleges that an "unethical and wrongful practice" existed whereby Defendant would communicate with insurance agents. Plaintiff further believes that Defendant's counsel, Scot Doyen, should have forbidden these communications and seeks a declaratory judgment in this regard.

---

[6] *Wilson v. Tex. Parks & Wildlife Dept.*, 886 S.W.2d 259, 260 (Tex. 1994) ("The burden is on the plaintiff to prove that venue is maintainable in the county of suit.").
[7] *See* Plaintiff's Class Action Petition, para. 13.
[8] *Garza v. Garcia*, 137 S.W.3d 36, 40 (Tex. 2004).

13.     Any misconduct by Mr. Doyen (none of which exists) could only have occurred in McLennan County, Texas, the principal office of Defendant, or Harris County, Texas, the principal office of Defendant's counsel. Likewise, any misconduct by Defendant could only have occurred in McLennan County, Texas. These counties are more feasible given the extent of Plaintiff's claims. Plaintiff is asserting a widespread "campaign" of wrongdoing that surely is not limited to Hidalgo County, Texas.

14.     Furthermore, Plaintiff has filed lawsuits and maintains representation of clients outside Hidalgo County, Texas. For example, Plaintiff has filed first-party insurance lawsuits against Defendant in Webb, Taylor, Potter, and Maverick Counties. Mediation of any lawsuit between Plaintiff and Defendant, whether filed in Hidalgo County, Texas or not, has never occurred in Hidalgo County, Texas. Plaintiff's allegation that all or a substantial part of the events relevant to this lawsuit occurred in Hidalgo County, Texas does not make sense when Plaintiff maintains lawsuits against Defendant in many other counties and neither Plaintiff nor Defendant is located in Hidalgo County, Texas.

15.     As such, Harris and McLennan Counties are the proper counties of venue pursuant to §15.002(a)(1) of the Texas Civil Practices & Remedies Code. Given this is where business decisions were made and where Defendant and Defendant's counsel's principal offices are respectively located, it is more likely that all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in either Harris or McLennan County.

**C. Alternatively, Hidalgo County is an Inconvenient Forum**

16.     Should this Court maintain that Hidalgo County, Texas is a county of proper venue, which Defendant denies to be the proper venue, this Court may still transfer this case to another county of proper venue for the convenience of the parties and witnesses and in the

interest of justice.[9] To do so, the Court must find that maintaining this suit in Hidalgo County would work an injustice on Defendant, the balance of interests of all parties predominates in favor of transferring this action, and the transfer would not work an injustice to any other party.

17.     Plaintiff, Arguello, Hope, and Associates, PLLC's principal office is in Houston, Harris County, Texas, which is where it has handled all insurance related cases filed against Defendant. Plaintiff's counsel, the Mostyn Law Firm, is likewise located in Houston, Harris County, Texas. Also, Scot Doyen's principal office is even maintained in Houston, Harris County, Texas. Defendant's principal office is located in McLennan County, Texas.

18.     Plaintiff has alleged to Defendant attorney representation of clients across the state of Texas. It does not limit its practice to Hidalgo County. Plaintiff alleges in its pleading that the class of people affected by Defendant's conduct is so numerous a single action is impracticable. Plaintiff, however, does not state whether all of these other alleged parties were affected in only Hidalgo County.

19.     Over the years, Defendant has received notice of attorney representation in nearly 70 Texas counties, only one of which is Hidalgo County, Texas. Due to the diversity in locations, as well as the centrality of both McLennan and Harris Counties, Defendant believes it would be much more practicable to maintain this suit where Defendant's principal place of business is located, or even where Plaintiff's office is located. As these two locations are more centrally located in the state of Texas, either can better handle the discovery implications of Plaintiff's allegations in its Class Action Petition. South Texas is not the only area of Texas Defendant writes insurance policies and if Plaintiff's allegations are true, which they are not, Hidalgo is not the only county at issue.

---

[9] Tex. Civ. Prac. & Rem. § 15.002(b).

20.     Transferring this case to McLennan or Harris County benefits all parties involved because most of the necessary witnesses are located in those counties, these counties are where the parties are located, and these counties are situated more centrally in Texas and can better serve all potential parties and witnesses because Plaintiff's claims stretch across the entirety of the state of Texas rather than just Hidalgo County, Texas. Such a transfer surely will not work an injustice on Plaintiff as Plaintiff will actually be closer to the forum will be closer and the new venue will better serve the wide scope of Plaintiff's claims. As a result, this Court should transfer this action to either McLennan or Harris County in the interest of convenience of the parties.

## II.
## PLEA TO THE JURISDICTION

21.     Defendant asserts that this court lacks subject matter jurisdiction over Plaintiff's claims because there is no justiciable controversy and Plaintiff's claims are not ripe for judicial determination.  "To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute." *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex. 1995).  Texas courts consider whether, at the time a lawsuit is filed, the facts are sufficiently developed "[s]o that an injury has occurred or is likely to occur, rather than being contingent or remote."  *Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851-51 (Tex. 2000); *Patterson v. Planned Parenthood of Houston & Se. Texas, Inc.,* 971 S.W.2d 439, 442 (Tex. 1998).  A court lacks subject matter jurisdiction over a controversy that involves "uncertain or contingent future events that may occur as anticipated, or indeed may not occur at all." *Id.*  Plaintiff has failed to allege a justiciable controversy and has failed to plead that an injury has occurred or is likely to occur.  Because of the court's lack of subject matter jurisdiction, Plaintiff's claims should be dismissed.

## III.
## GENERAL DENIAL

22.     Pursuant to the provision of Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, singular and all of the allegations contained in Plaintiff's petition, says that the allegations contained therein are not true, either in whole or in part, and demands strict proof thereof.  Defendant further reserves the right to amend its answer at a future date in accordance with the Texas Rules of Civil Procedure.

## IV.
## DEFENSES – TORTIOUS INTERFERENCE WITH AN EXISTING CONTRACT

23.     Plaintiff's own acts and omissions contributed to its alleged injury, if any.

24.     Plaintiff has no valid contract which could be the subject of a claim for tortious interference with existing business relations.

25.     Defendant is legally justified and privileged.

26.     Defendant pleads estoppel.

27.     Defendant asserts that any alleged contract made the basis of this cause of action is illegal.

28.     If Defendant is found liable for exemplary damages, those damages must be capped under the Texas Damages Act and the Due Process Clauses of the United States and Texas Constitutions.

## V.
## DEFENSES – DECLARATORY AND INJUNCTIVE RELIEF

29.     Plaintiff is not entitled to the relief demanded, and none of the relief sought requires the restraint of some act prejudicial to Plaintiff.

30. Plaintiff is not threatened by any probable injury, harm is not imminent, and there is no risk that irreparable harm will occur.

31. Assuming Plaintiff's allegations are accurate, there is not a lack of adequate remedy at law.

32. Plaintiff has not joined all applicable parties who will be affected by the relief sought.

33. Injunctive relief will destroy, and not preserve, the status quo.

34. The Plaintiff has unclean hands.

35. Plaintiff has not verified its request for relief.

36. There is no justiciable conflict between the parties.

37. A declaratory judgment cannot be used to determine potential tort liability, Plaintiff's underlying cause of action sounds in tort.

38. A declaratory judgment is not available to resolve issues which are not yet mature.

39. A declaratory judgment is not available to resolve issues already pending in the same suit before the court.

40. Plaintiff cannot recover its attorney fees under the declaratory judgment act when its claim for declaratory relief is merely incidental to other claims for relief.

## VI.
## DEFENSES – CLASS ALLEGATIONS/CLASS DEFINITION

41. Plaintiff has failed to define a certifiable class under Texas Rule of Civil Procedure 42.

42. Although the proposed class definition is prima facie un-certifiable, the asserted class is not so numerous that joinder of all members is impracticable, there are not questions of

law or fact common to the class, the claims of the representative parties are not typical of the class, and the representative parties will not fairly and adequately protect the class.

**VII.**
**ADDITIONAL DEFENSES AND AFFIRMATIVE DEFENSES**

43.     Defendant pleads fraud.

44.     Defendant pleads illegality.

45.     Defendant would show that the damages (if any) alleged in this suit were solely or partially caused by the acts, omissions, conduct or breach of duty of parties or persons over whom Defendant possessed no control or right of control and for those acts and/or omissions Defendant is not responsible.  The acts and/or omissions of such parties or persons were the proximate, producing, contributing, comparative and/or sole proximate cause of the alleged injuries and damages, if any, alleged in this suit.  To the extent applicable, Defendant asserts the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code so as to have the trier of fact apportion fault to these parties or persons.

46.     Even if Plaintiff's claims for exemplary damages are not barred for other reasons, which they are, Defendant would show that Plaintiff cannot recover said damages under the standards set forth in Chapter 41 of the TEX. CIV. PRAC. & REM. CODE and based on protections afforded by the United States Constitution and the Texas Constitution, Defendant further asserts the limits and caps on punitive and exemplary damages as set forth in Chapter 41 of the TEX. CIV. PRAC. & REM. CODE, including but not limited to the limits and caps set forth in Section 41.008 of the TEX. CIV. PRAC. & REM. CODE.

47.     If the evidence shows that Plaintiff's alleged damages in this case, if any, were caused in whole or in part by the fault, acts, omissions, representations, statements and similar acts and/or omissions of Plaintiff or Plaintiff's employees, agents, representatives, attorneys, or

*Defendant National Lloyds Insurance Company's*
*Motion to Transfer Venue, Plea to the Jurisdiction and Original Answer*                    *Page 10 of 13*

**R.0034**

persons acting by through or under Plaintiff, the Plaintiff's alleged damages, if any, should be reduced or barred by the percentage of responsibility allocated to Plaintiffs by the trier of fact as permitted by Chapter 33 of the Texas Civil Practice and Remedies Code.

48.     Plaintiff has suffered no compensable damages as a result of the conduct alleged in the petition, and the Defendant's acts or omissions were neither the producing nor the proximate cause of any damages suffered by Plaintiff.

## VIII.
## JURY DEMAND

49.     Defendant requests a jury trial.

## IX.

50.     Defendant reserves the right to plead further and in greater particularity as such may become appropriate, and as a result of additional discovery being taken in this matter.

## X.

51.     Plaintiff failed to mitigate its damages, if any.

## XI.

52.     The foregoing are plead cumulatively and alternatively, and without waiver.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, NATIONAL LLOYDS INSURANCE COMPANY, prays that this Court grant Defendant's Motion to Transfer Venue and its Special Exceptions. Upon final trial of this matter a judgment that Plaintiff take nothing by its claims against Defendant should be entered, taxing all costs of defense relating to this matter against Plaintiff and that Defendant receives such other and further relief, general and special, a law and equity to which it is entitled.

Respectfully submitted,

DOYEN SEBESTA, LTD., LLP

By: _/s/ Scot G. Doyen_
       Scot G. Doyen
       State Bar No. 00792982
       Alasdair A. Roberts
       State Bar No. 24068541
       Paragon Center one
       450 Gears Road, Suite 350
       Telephone: (713) 580-8900
       Facsimile: (713) 580-8910
       sdoyen@ds-lawyers.com
       aroberts1@ds-lawyers.com


THOMPSON, COE, COUSINS & IRONS, LLP

By: _/s/ J. Richard Harmon_
       J. Richard Harmon
       State Bar No. 09020700
       Alison H. Moore
       State Bar No. 09836500
       700 N. Pearl Street, 25th Floor
       Dallas, Texas 75201
       Telephone: (214) 871-8200
       Facsimile: (214) 871-8209
       rharmon@thompsoncoe.com
       amoore@thompsoncoe.com

       Jennifer M. Kearns
       State Bar No. 24049865
       701 Brazos Street, 15th Floor
       Austin, Texas 78701
       Telephone: (512) 708-8200
       Facsimile: (512) 708-8777
       jkearns@thompsoncoe.com

*Defendant National Lloyds Insurance Company's*
*Motion to Transfer Venue, Plea to the Jurisdiction and Original Answer*          *Page 12 of 13*

R.0036

LAW OFFICES OF SALINAS-FLORES

By:   */s/ Ricardo L. Salinas*
      Ricardo L. Salinas
      State Bar No. 00786220
      2011 N. Conway Avenue
      Mission, Texas  78572-2965
      Telephone:  (956) 584-3900
      Facsimile:  (956) 580-9688
      rsalinaslaw@yahoo.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded to all counsel of record via hand delivery, USPS CMRRR, electronic service and/or facsimile on this the 10th day of August, 2015.

Steve J. Mostyn
Amber Anderson Mostyn
Gregory Cox
THE MOSTYN LAW FIRM
3810 West Alabama
Houston, Texas 77027
(713) 861-6616
(713) 861-8084 Facsimile

                              */s/ Jennifer M. Kearns*
                              Jennifer M. Kearns

*Defendant National Lloyds Insurance Company's*
*Motion to Transfer Venue, Plea to the Jurisdiction and Original Answer*          *Page 13 of 13*

**R.0037**

| ARGUELLO, HOPE, AND ASSOCIATES, | § | IN THE DISTRICT COURT OF |
| PLLC, INDIVIDUALLY AND ON | § | |
| BEHALF OF ALL | § | |
| OTHERS SIMILARLY SITUATED, | § | |
| Plaintiff, | § | |
| | § | HIDALGO COUNTY, TEXAS |
| VS. | § | |
| | § | |
| NATIONAL LLOYDS INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | 139th JUDICIAL DISTRICT |

## PLAINTIFF'S MOTION TO DISQUALIFY COUNSEL

TO THE HONORABLE JUDGE:

COMES NOW, Plaintiff Arguello, Hope, and Associates, PLLC ("Plaintiff" or "Arguello"), individually and on behalf of all others similarly situated ("Class Members"), by and through the undersigned counsel, and brings this *Motion to Disqualify Counsel* against National Lloyds Insurance Company ("Defendant" or "National Lloyds") pursuant to Rules 1.15 and 3.08 of the Texas Disciplinary Rules of Professional Conduct.

This Class Action was filed on July 8, 2015.

The Court granted the *Temporary Restraining Order and Order Setting Hearing for Temporary Injunction* in this case on August 6, 2015. The temporary restraining order expires per its terms on August 13, 2015 at 9:00 AM. The temporary injunction hearing is also set for August 13, 2015, at 9:00 AM.

National Lloyds filed its *Motion to Transfer Venue, Plea to the Jurisdiction and Original Answer* on Monday, August 10, 2015. National Lloyds is represented by Scot G. Doyen, of Doyen Sebesta, Ltd. LLP, J. Richard Harmon and Jennifer M. Kearns, of Thompson, Coe,

R.0038

Cousins & Irons, LLP, and Richardo L. Salinas, of the Law Offices of Salinas-Flores, in this matter. As shown in Plaintiff's Original Petition and Application for Temporary Restraining Order, Request for Temporary Injunction, and Request for Permanent Injunction, on file with this Court, Mr. Doyen is a material fact witness in this case. Mr. Doyen is also a potential party in this case.

Rule 3.08(a) of the Texas Disciplinary Rules of Professional Conduct states that "[a] lawyer shall not accept or continue employment as an advocate before a tribunal in a contemplated or pending adjudicatory proceeding if the lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact on behalf of the lawyer's client[.]" None of the exceptions to this rule apply here. Further, Mr. Doyen's firm, Doyen Sebesta, should be disqualified under Rule 3.08(c) of the Texas Disciplinary Rules of Professional Conduct because Mr. Doyen is prohibited to accept or continue employment as an advocate in this matter.[1] Finally, Rule 1.15 of the Texas Disciplinary Rules of Professional Conduct requires that Doyen (and his firm) withdraw from the representation because the representation will result in a violation of Rule 3.08, as stated above.[2]

Because Mr. Doyen is a witness in this matter as general counsel of National Lloyds, Mr. Doyen, and the law firm Doyen Sebesta Ltd., LLP ("Doyen Sebesta") should be disqualified from representing National Lloyds in this matter. Mr. Doyen may also be brought in as a defendant in this case, and he should therefore also be disqualified on that basis.

---

[1] Without the client's informed consent, a lawyer may not act as advocate in an adjudicatory proceeding in which another lawyer in the lawyer's firm is prohibited by paragraphs (a) or (b) from serving as advocate. If the lawyer to be called as a witness could not also serve as an advocate under this Rule, that lawyer shall not take an active role before the tribunal in the presentation of the matter. Texas Disciplinary R. Prof. Conduct 3.08(c).

[2] *See id.* at 1.15(a)(1) ("A lawyer shall decline to represent a client or, where representation has commenced, shall withdraw, except as stated in paragraph (c), from the representation of a client, if: (1) the representation will result in violation of Rule 3.08, other applicable rules of professional conduct or other law.").

R.0039

For these reasons, Plaintiff, Arguello, Hope & Associates, PLLC requests this Court to enter an order disqualifying Scot G. Doyen and Doyen Sebesta Ltd., LLP, from representing National Lloyds Insurance Company in this case, and for any other and further relief to which it may show itself to be justly entitled.

**R.0040**

Respectfully submitted,

**MOSTYN LAW**

 */s/ J. Steve Mostyn*
J. Steve Mostyn
State Bar No. 00798389
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
jsmdocketefile@mostynlaw.com

 */s/ Amber Anderson Mostyn*
Amber Anderson Mostyn
State Bar No. 90001704
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
ALA_Teamefile@mostynlaw.com

 */s/ Gregory F. Cox*
Gregory F. Cox
State Bar No. 00793561
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)
gfcdocketefile@mostynlaw.com


**GILBERTO HINOJOSA & ASSOCS., P.C.**

 */s/ Gilberto Hinojosa*
Gilberto Hinojosa
State Bar No. 09701100
622 E. St. Charles
Brownsville, Texas 78520
(956) 544-4218 (Office)
(956) 544-1335 (Facsimile)
ghinojosa@ghinojosalaw.net


**ATTORNEYS FOR PLAINTIFF**

-4-

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel of record, pursuant to the Texas Rules of Civil Procedure, on this the 10th day of August, 2015.

*/s/ Gregory F. Cox*
Gregory F. Cox

**R.0042**

CAUSE NO. C-2916-15-C

| | | |
|---|---|---|
| ARGUELLO, HOPE, AND ASSOCIATES, PLLC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, Plaintiff, | §<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§<br>§ | HIDALGO COUNTY, TEXAS |
| NATIONAL LLOYDS INSURANCE COMPANY, Defendant. | §<br>§<br>§ | 139th JUDICIAL DISTRICT |

## EXTENSION OF TEMPORARY RESTRAINING ORDER & ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

This order hereby extends the *Temporary Restraining Order* issued on August 6, 2015 in this matter until August 30, 2015. The hearing on temporary injunction shall be held in this Court on August 31, 2015 at 11:00 AM to determine whether the temporary restraining order should be made a temporary injunction pending a full trial on the merits.

ISSUED this 13TH day of AUGUST, 2015, at  2:25  ~~AM~~/PM.

_____
Hon. Roberto Flores

Copies to: Greg Cox, gfcdocketefile@mostynlaw.com; Amber Anderson Mostyn, ALA_Teamefile@mostynlaw.com; Gilberto Hinojosa, ghinojosa@ghinojosalaw.net; Scot Doyen, SDoyen@ds-lawyers.com; Jennifer Kearns, JKearns@thompsoncoe.com; Rick Harmon, RHarmon@thompsoncoe.com; Rick Salinas, rsalinaslaw@yahoo.com.

-1-

**R.0043**

R.0044

CAUSE NO. C-2916-15-C

| | | |
|---|---|---|
| ARGUELLO, HOPE, AND ASSOCIATES, PLLC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, Plaintiff, | § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | HIDALGO COUNTY, TEXAS |
| NATIONAL LLOYDS INSURANCE COMPANY, Defendants | § § § § § | 139TH JUDICIAL DISTRICT |

**DEFENDANT NATIONAL LLOYDS INSURANCE COMPANY'S
MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER**

TO THE HONORABLE COURT:

Subject to its Motion to Transfer Venue and Plea to the Jurisdiction, NATIONAL LLOYDS INSURANCE COMPANY ("Defendant" or "National Lloyds") files this Motion to Dissolve Temporary Restraining Order, and respectfully shows the following:

**I.
BACKGROUND**

1. On August 6, 2015, the Court entered a Temporary Restraining Order and Order Setting Hearing for Temporary Injunction. The Temporary Restraining Order ("TRO") indicated that National Lloyds was:

(1) Restrained from sending letters or similar communications to its agents or insureds relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements;

(2) Restrained from destroying all documents and/or communications relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements; and

*Defendant National Lloyds Insurance Company's*
*Motion to Dissolve Temporary Restraining Order*                                    *Page 1 of 8*

**R.0045**

(3) Ordered to respond to all requests propounded in Exhibit A, attached hereto within ten (10) days from entry of this Order.

The TRO served on Defendant did not include Exhibit A. On August 10, 2015, Plaintiff's counsel apparently realized that Exhibit A was not attached to the TRO served on Defendant, and in an attempt to correct the flaw, and despite having no authority to modify the Order from this Court, Plaintiff's counsel attempted to do just that and offered Defendant an additional ten (10) days to respond to Exhibit A, or no later than August 20, 2015.

2. On August 14, 2015, the Court granted an extension of the TRO until August 30, 2015, and a hearing on Plaintiff's Request for Temporary Injunction is currently scheduled for August 31, 2015.

3. Defendant offered to enter into a Rule 11 agreement with Plaintiff representing that Defendant is not sending letters or similar communications to its agents or insureds concerning Plaintiff's or Class Members' attorney-client representation agreements, and agreeing that Defendant will not send letters or similar communications to its agents or insureds concerning Plaintiff's or Class Members' attorney-client representation agreements in the future. This is the relief requested by Plaintiff in its Request for Temporary Injunction, making a hearing on Plaintiff's request entirely unnecessary and a waste of this Court's time. Defendant's offer included a request that Plaintiff allow the TRO to dissolve on August 30, 2015 without need for Defendant to object or respond to the request for documents included in Exhibit A attached to the TRO because those same requests are included in discovery sent by Plaintiff with its Original Class Action Petition and are due no later than September 2, 2015. Plaintiff has refused to accept Defendant's offer. A copy of the email exchange with Plaintiff's counsel is attached to the Motion as Exhibit "A."

4. For reasons set forth below, Defendant requests that the Court dissolve the Temporary Restraining Order and deny Plaintiff's Request for Temporary Injunction.

## II.
## POINTS AND AUTHORITIES

5. The TRO should be dissolved because Defendant has offered to refrain from sending letters or similar communications to its agents or insureds relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements, which is the specific conduct restrained by the TRO.

6. Tex. R. Civ. P. Rule 680 provides in pertinent part:

> No temporary restraining order shall be granted without notice to the adverse party unless it *clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result* to the applicant before notice can be served and a hearing had thereon. [emphasis added]

7. First, Plaintiff presented no evidence of immediate and irreparable injury, loss, or damage presented in either Plaintiff's unverified Original Petition or Plaintiff's Application for Temporary Restraining Order. In fact, Martin Arguello, in his affidavit, provides <u>no</u> evidence whatsoever of even *one* attorney-client representation agreement that was actually interfered with and terminated, thus causing actual damage or loss to Plaintiff. [1]

8. Plaintiff's claims, both in its Original Petition and its Application, are nothing more than supposition and conjecture, and as such, Plaintiff's claims do not even rise to the level of a justiciable controversy, which is the subject of Defendant's Motion to Dismiss for Lack of Jurisdiction.

9. Second, the TRO restrains Defendant from sending letters, such as the one identified in

---

[1] The affidavit provides only that "he has read the allegations in the foregoing application for temporary restraining order, temporary injunction, and permanent injunction, and each and every fact and matter stated is within his personal knowledge and is true and correct."

*Defendant National Lloyds Insurance Company's*
*Motion to Dissolve Temporary Restraining Order*                                    *Page 3 of 8*

**R.0047**

Plaintiff's Original Petition, or similar communications to both its agent or insureds relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements. Without admitting fault in its conduct, Defendant has offered that it will not send letters, such as the one identified in Plaintiff's Original Petition, or similar communications to both its agents or insureds relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements. With this offer, there should be no further need for the TRO or a Temporary Injunction.

10. Third, the TRO's requirement that Defendant restrain from destroying documents is unnecessary. A party has a common-law duty to preserve evidence when it knows or reasonably should know that (1) there is a substantial chance that a claim will be filed and (2) evidence in its possession or control will be material and relevant to that claim. *Brookshire Bros. v. Aldridge*, 438 S.W.3d 9, 20 (Tex. 2014); *Wal-Mart Stores v. Johnson*, 106 S.W.3d 718, 722 (Tex. 2003). A party must preserve evidence that it knows or reasonably should know is relevant to the action, is likely to be requested in discovery, or is the subject of a discovery order. *Brookshire*, 438 S.W.3d at 20.

11. Defendant was served with Plaintiff's Petition on July 14, 2015, at which time its duty to preserve and not destroy relevant documents, including documents and/or communications relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements, arose. Plaintiff's Application provides <u>no</u> evidence that Defendant has violated this common-law duty. In addition, to allow such requirement to stand in the form of a TRO would only be an invitation to all Plaintiffs to seek a TRO to preserve and not destroy evidence, when such is not necessary and would be a waste of judicial resources.

12. The TRO requires that Defendant respond to all requests propounded in Exhibit "A,"

attached hereto, within ten (10) days from the entry of the Order. The two requests are as follows:

- All documents and communications sent by National Lloyds containing language identical or similar to the documents attached hereto as Exhibit 1 since March 2012, including all drafts.

- All documents and communications that National Lloyds sent to or received from an insured following the insured's termination of its attorney representation agreement since March 2012.

Importantly, these two identical requests were included in the eleven requests for production served on Defendant with Plaintiff's Original Petition. Under Rule 196 of the Texas Rules of Civil Procedure, Defendant's responses to all of these requests are due on or before September 2, 2015.

13. Plaintiff provided no evidence of immediate and irreparable injury, loss or damage that would result should Plaintiff not receive Defendant's objections and/or responses to the two requests for production included with the TRO before September 2, 2015. In fact, Plaintiff will suffer no harm because there is no need for the temporary injunction hearing to occur on August 31, 2015, given the fact that Defendant has offered to refrain from sending letters and communications as requested by Plaintiff in its Request for Temporary Injunction. Plaintiff has no pressing need and has shown no good cause to obtain documents before the objections and responses to discovery are due on September 2, 2015.

14. Finally, a request to produce documents is not the proper subject of a temporary restraining order. Rule 683 of the Texas Rules of Civil Procedure governs the form and scope of restraining orders. In part, the Rule provides that every restraining order shall describe in reasonable detail "**the act or acts sought to be restrained**." The purpose of a restraining order is to preserve the status quo of the litigation's subject matter pending a trial on the merits.

*Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). The mandate to produce documents requires Defendant to *take* certain actions – find, review and produce documents – not restrain from conduct. Obviously, a request for documents does not preserve the status quo. Nothing in the Texas Rules of Civil Procedure allows a document request as part of a restraining order. In contrast, the time limits for discovery requests are governed by Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE. Plaintiff served the identical discovery requests on Defendant with its Original Petition and, under Rule 196, objections and responses to those requests are due on September 2, 2015. The Court should require that Plaintiff wait until then to receive objections and responses to the documents requested in accordance with the Texas Rules of Civil Procedure.

15. For the reasons set forth above, Defendant respectfully requests that the Court dissolve the Temporary Restraining Order.

## III.
## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant, NATIONAL LLOYDS INSURANCE COMPANY, prays that this Court grant Defendant's Motion to Dissolve the Temporary Restraining Order issued August 6, 2015, and deny Plaintiff's Request for Temporary Injunction. Defendant further requests such other and further relief, general and special, a law and equity to which it is entitled.

Respectfully submitted,

DOYEN SEBESTA, LTD., LLP

By:  ___/s/ Scot G. Doyen_____
Scot G. Doyen
State Bar No. 00792982
Alasdair A. Roberts
State Bar No. 24068541
Paragon Center one
450 Gears Road, Suite 350
Telephone:  (713) 580-8900
Facsimile:  (713) 580-8910
sdoyen@ds-lawyers.com
aroberts@ds-lawyers.com


THOMPSON, COE, COUSINS & IRONS, LLP

By:  ___/s/ J. Richard Harmon_____
J. Richard Harmon
State Bar No. 09020700
Alison H. Moore
State Bar No. 09836500
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
rharmon@thompsoncoe.com
amoore@thompsoncoe.com

Jennifer M. Kearns
State Bar No. 24049865
701 Brazos Street, 15th Floor
Austin, Texas  78701
Telephone:  (512) 708-8200
Facsimile:  (512) 708-8777
jkearns@thompsoncoe.com

LAW OFFICES OF SALINAS-FLORES

By:  */s/ Ricardo L. Salinas*
Ricardo L. Salinas
State Bar No. 00786220
2011 N. Conway Avenue
Mission, Texas  78572-2965
Telephone:  (956) 584-3900
Facsimile:  (956) 580-9688
rsalinaslaw@yahoo.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded to all counsel of record via hand delivery, USPS CMRRR, electronic service and/or facsimile on this the 20th day of August, 2015.

Steve Mostyn
Amber Anderson
Mostyn Law Firm
3810 W. Alabama Street
Houston, Texas 77027
713-861-6616 Facsimile

Gregory F. Cox
Mostyn Law Firm
6280 Delaware Street
Beaumont, Texas 77706
409-832-2703 Facsimile

Gilberto Hinojosa
Gilberto Hinojosa & Assocs., PC
622 East St. Charles
Brownsville, Texas 78520
956-544-1335 Facsimile

*/s/ Jennifer M. Kearns*
Jennifer M. Kearns



EXHIBIT

A

**From:** Gregory F. Cox [mailto:gfcox@mostynlaw.com]
**Sent:** Thursday, August 20, 2015 9:09 AM
**To:** Kearns, Jennifer
**Cc:** GFCdocketefile; Buzan, Cindy; Cameron, Sidney
**Subject:** Re: Arguello Hope v. National Lloyds

Jennifer,

Having considered the proposal, we are unwilling to extend the deadline for production of the materials ordered to be produced in connection with the temporary injunction

I reviewed Scot Doyens sworn testimony regarding these letters and, unless he gave false testimony, the volume of documents should be relatively small  I see no reason why you cannot simply produce those today

Sent from my iPhone

On Aug 19, 2015, at 12:55 PM, Kearns, Jennifer <JKearns@thompsoncoe.com> wrote:

> Greg,
>
> In light of our earlier discussions, I propose the following language to be incorporated into a Rule 11 Agreement:
>
> National Lloyds will represent and agree that it is no longer sending letters or similar communications to its agents or insureds relating to or concerning Plaintiff's and Class Member's attorney-client representation agreements and does not intend to send letters or similar communications to its agents or insureds relating to or concerning Plaintiff's and Class Member's attorney-client representation agreements in the future.
>
> In light of National Lloyds' representation and agreement, Plaintiff agrees to allow the Temporary Restraining Order to expire on August 30, 2015, as ordered by the Court, and the hearing on Plaintiff's Request for Temporary Injunction, currently scheduled for August 31, 2015, will be passed.  Plaintiff also agrees that National Lloyds will not have to respond to the two requests for production of documents attached to the TRO, which are currently due on August 20, 2015.  The two requests for production of documents attached to the TRO are also included in Plaintiff's

1

Requests for Production of Documents served with its Petition, to which National Lloyds' objections and/or responses are currently due no later than September 2, 2015.

Please let me know if you can agree to this proposal, or have any revisions, as soon as possible. If we can agree, I will prepare the formal Rule 11 Agreement. If you have any questions or concerns, please call me. Thanks.

Sincerely,
Jennifer
(512) 745-5548 cell

<image001.gif> Jennifer M. Kearns
**Thompson Coe Cousins & Irons, L.L.P.**
701 Brazos St. | 15th Floor | Austin, TX 78701
Ph: 512.703.5032 | Fax: 512.708.8777
jkearns@thompsoncoe.com
bio | vcard | web

**Confidentiality Notice:** This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information exempt from disclosure under applicable law. Unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy the original and all copies of the message. Thank you.

Tax Advice Disclosure: Any U.S. federal tax advice contained in this communication, including any attachment(s), unless expressly stated otherwise, was and is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

**R.0054**

CAUSE NO. C-2916-15-C

| | | |
|---|---|---|
| ARGUELLO, HOPE, AND ASSOCIATES, | § | IN THE DISTRICT COURT OF |
| PLLC, INDIVIDUALLY AND ON BEHALF | § | |
| OF ALL OTHERS SIMILARLY SITUATED, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| | § | |
| NATIONAL LLOYDS INSURANCE | § | |
| COMPANY, | § | |
|    Defendants | § | 139TH JUDICIAL DISTRICT |

## DEFENDANT NATIONAL LLOYDS INSURANCE COMPANY'S
## MOTION FOR PROTECTIVE ORDER

TO THE HONORABLE COURT:

Subject to its Motion to Transfer Venue and Plea to the Jurisdiction, Defendant NATIONAL LLOYDS INSURANCE COMPANY ("Defendant" or "National Lloyds") files this Motion for Protective Order and respectfully shows the following:

## I.
## BACKGROUND

1. On August 6, 2015, Plaintiff ARGUELLO, HOPE AND ASSOCIATES, PLLC ("Plaintiff") obtained a Temporary Restraining Order ("TRO"), which required Defendant to produce documents in response to two requests attached to the TRO as Exhibit A, within ten (10) days of entry of the TRO.

2. The document requests are as follows:

- All documents and communications sent by National Lloyds containing language identical or similar to the documents attached hereto as Exhibit 1 since March 2012, including all drafts.

- All documents and communications that National Lloyds sent to or received from an insured following the insured's termination of its attorney representation agreement since March 2012.

**DEFENDANT NATIONAL LLOYDS INSURANCE COMPANY'S MOTION FOR PROTECTIVE ORDER – Page 1**
2263581v2
01505.013

**R.0055**

3. The TRO served on Defendant did not include Exhibit A. Therefore, there was no proper service of the document request.

4. On August 10, 2015, Plaintiff's counsel apparently realized that Exhibit A was not attached to the TRO served on Defendant. In an attempt to cure this flaw, and despite having no authority to modify an order from this Court, Plaintiff's counsel attempted to do just that and offered Defendant an additional ten (10) days to respond to Exhibit A, or no later than August 20, 2015.

5. On August 14, 2015, the Court granted an extension of the TRO until August 30, 2015, and a hearing on Plaintiff's Request for Temporary Injunction is scheduled for August 31, 2015.

6. These identical two document requests, along with nine other requests for documents, were also served with Plaintiff's Class Action Petition, to which the responses and/or objections are due no later than September 2, 2015, two days after the hearing on Plaintiff's Request for Temporary Injunction.

7. Defendant offered to enter into a Rule 11 Agreement with Plaintiff representing that Defendant is not sending letters or similar communications to its agents or insureds concerning Plaintiff's or Class Members' attorney-client representation agreements, and agreeing that Defendant will not send letters or similar communications to its agents or insureds concerning Plaintiff's or Class Members' attorney-client representation agreements in the future. This is the relief requested by Plaintiff in its Request for Temporary Injunction, making the hearing on Plaintiff's request entirely unnecessary and a waste of this Court's time. Defendant's offer included a request that Plaintiff allow the TRO to dissolve on August 30, 2015, without the need for Defendant to object or respond to the two requests for documents because Defendant's responses and/or objections to those same requests are due no later than September 2, 2015.

Plaintiff has refused to accept Defendant's offer. A copy of the email exchange with Plaintiff's counsel is attached as Exhibit "A."

8. For reasons set forth below, Defendant requests that the Court issue an Order allowing Defendant to forego providing objections and/or responding to the two document requests in accordance with the TRO.

## II.
## ARGUMENT AND AUTHORITIES

9. Exhibit A to the TRO was never properly served on Defendant. Because it was not properly served, the document requests in Exhibit A are ineffective. Moreover, the TRO required Defendant to produce the documents within ten (10) days from the date the Order was entered (which would have been August 16, 2015), but because Exhibit A was not included with the TRO, Defendant could not comply with the Order. Plaintiff's counsel had no authority to unilaterally modify the Court's Order, which did not include the exhibit, and extend the date for Defendant to respond beyond the date indicated in the Order. Consequently, Defendant seeks protection from responding to these requests.

10. In addition, Tex. R. Civ. P. Rule 680 provides in pertinent part:

> No temporary restraining order shall be granted without notice to the adverse party unless it *clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result* to the applicant before notice can be served and a hearing had thereon. [emphasis added]

11. Plaintiff has provided no evidence of immediate and irreparable injury, loss, or damage that will result should Plaintiff not receive Defendant's objections and/or responses to the two requests for production of documents attached to the TRO before September 2, 2015. Plaintiff can provide no evidence because Plaintiff will not be harmed. Defendant's offer to agree to the relief requested by Plaintiff makes the temporary injunction hearing unnecessary. Plaintiff has

no pressing need and has shown no good cause to obtain documents before Defendant's objections and responses to the identical discovery requests are due on September 2, 2015.

### III.
### CONCLUSION

Accordingly, Defendant NATIONAL LLOYDS INSURANCE COMPANY asks this Court to grant Defendant's Motion for Protective Order and issue an Order allowing Defendant to forego providing objections and/or responding to the two document requests in accordance with the TRO. Defendant further requests such other and further relief, general and special, at law and equity, to which it is entitled.

Respectfully submitted,

DOYEN SEBESTA, LTD., LLP

By:     /s/ Scot G. Doyen
       Scot G. Doyen
       State Bar No. 00792982
       Alasdair A. Roberts
       State Bar No. 24068541
       Paragon Center one
       450 Gears Road, Suite 350
       Houston, TX  77067
       Telephone:  (713) 580-8900
       Facsimile:  (713) 580-8910
       sdoyen@ds-lawyers.com
       aroberts1@ds-lawyers.com

THOMPSON, COE, COUSINS & IRONS, LLP

By:    */s/ J. Richard Harmon*
        J. Richard Harmon
        State Bar No. 09020700
        Alison H. Moore
        State Bar No. 09836500
        700 N. Pearl Street, 25th Floor
        Dallas, Texas 75201
        Telephone: (214) 871-8200
        Facsimile: (214) 871-8209
        rharmon@thompsoncoe.com
        amoore@thompsoncoe.com

        Jennifer M. Kearns
        State Bar No. 24049865
        701 Brazos Street, 15th Floor
        Austin, Texas 78701
        Telephone: (512) 708-8200
        Facsimile: (512) 708-8777
        jkearns@thompsoncoe.com


LAW OFFICES OF SALINAS-FLORES

By:    */s/ Ricardo L. Salinas*
        Ricardo L. Salinas
        State Bar No. 00786220
        2011 N. Conway Avenue
        Mission, Texas 78572-2965
        Telephone: (956) 584-3900
        Facsimile: (956) 580-9688
        rsalinaslaw@yahoo.com

## <u>CERTIFICATE OF SERVICE</u>

 This is to certify that a true and correct copy of the foregoing has been forwarded to all counsel of record via hand delivery, USPS CMRRR, electronic service and/or facsimile on this the 20th day of August, 2015.

Steve Mostyn
Amber Anderson
Mostyn Law Firm
3810 W. Alabama Street
Houston, Texas 77027
713-861-6616 Facsimile

Gregory F. Cox
Mostyn Law Firm
6280 Delaware Street
Beaumont, Texas 77706
409-832-2703 Facsimile

Gilberto Hinojosa
Gilberto Hinojosa & Assocs., PC
622 East St. Charles
Brownsville, Texas 78520
956-544-1335 Facsimile

         */s/ Jennifer M. Kearns*
         Jennifer M. Kearns



**EXHIBIT**

A

**From:** Gregory F. Cox [mailto:gfcox@mostynlaw.com]
**Sent:** Thursday, August 20, 2015 9:09 AM
**To:** Kearns, Jennifer
**Cc:** GFCdocketefile; Buzan, Cindy; Cameron, Sidney
**Subject:** Re: Arguello Hope v. National Lloyds

Jennifer,

Having considered the proposal, we are unwilling to extend the deadline for production of the materials ordered to be produced in connection with the temporary injunction

I reviewed Scot Doyens sworn testimony regarding these letters and, unless he gave false testimony, the volume of documents should be relatively small   I see no reason why you cannot simply produce those today

Sent from my iPhone

On Aug 19, 2015, at 12:55 PM, Kearns, Jennifer <JKearns@thompsoncoe.com> wrote:

> Greg,
>
> In light of our earlier discussions, I propose the following language to be incorporated into a Rule 11 Agreement:
>
> National Lloyds will represent and agree that it is no longer sending letters or similar communications to its agents or insureds relating to or concerning Plaintiff's and Class Member's attorney-client representation agreements and does not intend to send letters or similar communications to its agents or insureds relating to or concerning Plaintiff's and Class Member's attorney-client representation agreements in the future.
>
> In light of National Lloyds' representation and agreement, Plaintiff agrees to allow the Temporary Restraining Order to expire on August 30, 2015, as ordered by the Court, and the hearing on Plaintiff's Request for Temporary Injunction, currently scheduled for August 31, 2015, will be passed.  Plaintiff also agrees that National Lloyds will not have to respond to the two requests for production of documents attached to the TRO, which are currently due on August 20, 2015.  The two requests for production of documents attached to the TRO are also included in Plaintiff's

1

Requests for Production of Documents served with its Petition, to which National Lloyds' objections and/or responses are currently due no later than September 2, 2015.

Please let me know if you can agree to this proposal, or have any revisions, as soon as possible. If we can agree, I will prepare the formal Rule 11 Agreement. If you have any questions or concerns, please call me. Thanks.

Sincerely,
Jennifer
(512) 745-5548 cell

<image001.gif> Jennifer M. Kearns
**Thompson Coe Cousins & Irons, L.L.P.**
701 Brazos St. | 15th Floor | Austin, TX 78701
Ph: 512.703.5032 | Fax: 512.708.8777
jkearns@thompsoncoe.com
bio | vcard | web

**Confidentiality Notice:** This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information exempt from disclosure under applicable law. Unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy the original and all copies of the message. Thank you.

Tax Advice Disclosure: Any U.S. federal tax advice contained in this communication, including any attachment(s), unless expressly stated otherwise, was and is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

**R.0062**

Electronically Filed
8/21/2015 7:48:02 AM
Hidalgo County District Clerks
Reviewed By: Krystal Hidalgo

CAUSE NO. C-2916-15-C

| | | |
|---|---|---|
| ARGUELLO, HOPE, AND ASSOCIATES, | § | IN THE DISTRICT COURT OF |
| PLLC, INDIVIDUALLY AND ON | § | |
| BEHALF OF ALL | § | |
| OTHERS SIMILARLY SITUATED, | § | |
| Plaintiff, | § | |
| | § | |
| | § | HIDALGO COUNTY, TEXAS |
| VS. | § | |
| | § | |
| NATIONAL LLOYDS INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | 139th JUDICIAL DISTRICT |

---

**PLAINTIFF'S EMERGENCY MOTION TO COMPEL DEFENDANT NATIONAL LLOYDS INSURANCE COMPANY TO RESPOND TO REQUESTS FOR PRODUCTION OF DOCUMENTS PURSUANT TO TEMPORARY RESTRAINING ORDER, MOTION FOR COSTS, AND MOTION FOR EMERGENCY HEARING**

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Arguello, Hope, and Associates, PLLC ("Plaintiff" or "Arguello"), individually and on behalf of all others similarly situated ("Class Members"), and files this, *Plaintiff's Emergency Motion to Compel Defendant National Lloyds Insurance Company to Respond to Requests for Production of Documents Pursuant to Temporary Restraining Order, Motion for Costs, and Motion for Emergency Hearing* ("Motion to Compel"). Plaintiff respectfully asks the Court to compel Defendant National Lloyds Insurance Company ("Defendant" or "NLIC") to respond to the discovery requests propounded by Plaintiff in its *Application for Temporary Restraining Order* and ordered by the Court in the duly executed *Temporary Restraining Order*. In support thereof, and pursuant to Texas Rule of Civil Procedure 215, Plaintiffs would show the Court the following:

1

**R.0063**

**INTRODUCTON & BACKGROUND**

1.      Plaintiff filed its *Application for Temporary Restraining Order, Request for Temporary Injunction, and Request for Permanent Injunction* on August 6, 2015.  In its application, Plaintiff requested Defendant respond to certain requests for production, attached to the application as Exhibit A.[1]  Later, the same day, the Honorable Judge Roberto Flores executed the *Temporary Restraining Order* that included the following language: "Defendant National Lloyds is hereby ORDERED to respond to all requests propounded in Exhibit A, attached hereto, within ten (10) days of entry of this order."[2]   Therefore, Defendant's responses to Plaintiff's requests for production were due on August 16, 2015.  Plaintiff served Defendant with a copy of the executed *Temporary Restraining Order* on August 6, 2015.

2.      On August 10, 2015, Plaintiff became aware that the copy of the *Temporary Restraining Order* served upon Defendant was missing a copy of the requests for production originally included with the Order.  Therefore, at that time, Plaintiff sent Defendant a copy of the requests for production and, as a courtesy, extended the amount of time for which Defendant to respond to the requests until August 20, 2015, within ten (10) days of receiving the requests.[3]

3.      On August 13, 2015, the Court extended the duration of the *Temporary Restraining Order* until August 30, 2015 and set a hearing on *Plaintiff's Request for Temporary Injunction* on August 31, 2015.[4]

4.      On August 20, 2015, Defendant filed *Defendant National Lloyds Insurance Company's Motion to Dissolve Temporary Restraining Order* and *Defendant National Lloyds Insurance*

---

[1] *See* Exhibit A, Temporary Restraining Order with Attached Discovery Requests, attached hereto and incorporated herein.
[2] *See id.*
[3] *See* Exhibit B, Letter from Plaintiff to Defendant, attached hereto and incorporated herein.
[4] *See Extension of Temporary Restraining Order and Order Setting Hearing for Temporary Injunction*, on file with the Court.

*Company's Motion for Protective Order*,[5] in which it stated that it would not to Plaintiff's discovery requests attached to the duly executed *Temporary Restraining Order* at this time.

5.      To date, Defendant has not responded to Plaintiff's discovery requests that have been ordered by the Court.  Therefore, the Court should enforce the *Temporary Restraining Order* and order Defendant to file responses to Plaintiff's discovery requests prior to the hearing on August 31, 2015.

**EMERGENCY MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION**

6.      Plaintiff respectfully asks the Court to enforce the *Temporary Restraining Order* in place and compel Defendant to respond to the requests for production attached as Exhibit A to the *Temporary Restraining Order* prior to the hearing on *Plaintiff's Request for Temporary Injunction*.

7.      Plaintiff's discovery requests are reasonably calculated to lead to the discovery of admissible evidence.  Specifically, they seek information necessary for Plaintiff to adequately prepare for the hearing on the temporary injunction.  This information is necessary because it relates directly to the activity Plaintiff is seeking to restrain, namely the dissemination of communications regarding an insured's termination of its attorney representation agreement. Further, the Court has previously ordered Defendant to respond to these requests for production in its previously executed *Temporary Restraining Order*.  Therefore, the Court should enforce the *Temporary Restraining Order* and compel Defendant to respond to these properly propounded, relevant discovery requests prior to the hearing on *Plaintiff's Request for Temporary Injunction* on August 31, 2015.

---

[5] *See Defendant National Lloyds Insurance Company's Motion to Dissolve Temporary Restraining Order* and *Defendant National Lloyds Insurance Company's Motion for Protective Order*, on file with the Court.

3

**R.0065**

8.      Defendant did not timely serve responses to Plaintiff's discovery requests and therefore waived all objections pursuant to Texas Rule of Civil Procedure 193.2(e).  On August 6, 2015, the Court ordered Defendant to respond to all requests in Exhibit A within ten (10) days of entry of this Order or August 16, 2015.  Due to the fact that Defendant was not actually served with the requests until August 10, 2015, Plaintiff stated that Defendant could have until ten (10) days after receiving the requests, or August 20, 2015, to respond to the requests.  The parties did not agree to any other extension after this date, and the Court did not grant an extension.  Defendant should not be relieved of the waiver because it cannot show good cause for not responding to the discovery requests pursuant to Texas Rule of Civil Procedure 193.2(e).

## MOTION FOR COSTS

9.      Plaintiff has incurred expenses in preparing and filing this motion to obtain relief.  Under Texas Rule of Civil Procedure 215.2(b)(2), Plaintiff is entitled to reasonable expenses incurred in obtaining the order, including attorney's fees.  Should the Court award sanctions, counsel for Plaintiff will provide sufficient evidence of the time and expense incurred in obtaining this relief.

## MOTION FOR EMERGENCY HEARING

10.     Plaintiff further asks the Court to set Plaintiffs' Emergency Motion to Compel for hearing on a date as soon as practicable that is convenient with the Court.  The hearing on *Plaintiff's Request for Temporary Injunction* is set for August 31, 2015.  In order for Plaintiff to be able to fully and adequately prepare for this hearing, Plaintiff must receive responses to the above-referenced discovery prior to the August 31 hearing date.  Therefore, Plaintiff respectfully requests the Court to hear this matter at the Court's earliest convenience so that Plaintiff may receive the requested documents prior to attending the hearing on the temporary injunction.

4

**R.0066**

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays this Honorable Court grant *Plaintiff's Emergency Motion to Compel Defendant National Lloyds Insurance Company to Respond to Requests for Production of Documents Pursuant to Temporary Restraining Order, Motion for Costs, and Motion for Emergency Hearing*. Plaintiff also requests any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

5

**R.0067**

Respectfully submitted,

**MOSTYN LAW**


 */s/ J. Steve Mostyn*
J. Steve Mostyn
State Bar No. 00798389
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
jsmdocketefile@mostynlaw.com


 */s/ Amber Anderson Mostyn*
Amber Anderson Mostyn
State Bar No. 90001704
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
ALA_Teamefile@mostynlaw.com


 */s/ Gregory F. Cox*
Gregory F. Cox
State Bar No. 00793561
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)
gfcdocketefile@mostynlaw.com


*/s/ Gilberto Hinojosa*
Gilberto Hinojosa
LAW OFFICE OF GILBERTO HINOJOSA
622 East St. Charles
Brownsville, Texas 78520
956.544.4218-telephone
956.544.1335-facsimile
ghinojosa@ghinojosalaw.net


**ATTORNEYS FOR PLAINTIFF**

6

**R.0068**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served on counsel of record, pursuant to the Texas Rules of Civil Procedure, on this the 21st day of August, 2015.

*/s/ Amber Anderson Mostyn*
Amber Anderson Mostyn

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that Plaintiff's counsel has not personally attempted to confer with defense counsel about the issues raised in this motion. However, due to Defendant's recently filed motions opposing responding to the discovery requests as attached to the Temporary Restraining Order and the emergency nature of this Motion to Compel, the parties are presumably unable to agree at this time. Therefore, the Court's intervention is necessary.

*/s/ Amber Anderson Mostyn*
Amber Anderson Mostyn

7

**R.0069**

CAUSE NO. C-2916-15-C

| ARGUELLO, HOPE, AND ASSOCIATES, | § | IN THE DISTRICT COURT OF |
| PLLC, INDIVIDUALLY AND ON | § | |
| BEHALF OF ALL | § | |
| OTHERS SIMILARLY SITUATED, | § | |
| Plaintiff, | § | |
| | § | |
| | § | HIDALGO COUNTY, TEXAS |
| VS. | § | |
| | § | |
| NATIONAL LLOYDS INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | 139th JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER & ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

After considering Plaintiff Arguello, Hope, and Associates, PLLC's, individually and on behalf of all others similarly situated ("Plaintiff" and collectively, "Class Members"), application for temporary restraining order, the pleadings, the affidavits, and arguments of counsel, the Court finds there is evidence that harm is imminent to Plaintiff and Class Members, and if the Court does not issue the temporary restraining order, Plaintiff and Class Members will be irreparably injured because National Lloyds Insurance Company ("Defendant" or "National Lloyds") will continue to unlawfully interfere with existing attorney representation agreements of Plaintiff and Class Members causing the loss of innumerable clients, the inability to recover expenses spent on Plaintiff's and Class Members' cases, an indeterminable amount of Plaintiff's and Class Members' law firms' goodwill, and the overall future business of Plaintiff and Class Members.

An ex parte order, without notice to Defendant, is necessary because there was not enough time to give notice to Defendant, hold a hearing, and issue a restraining order before the irreparable injury, loss, or damage would occur. Specifically, without a temporary restraining

-1-


EXHIBIT
A
R.0070

order in place immediately, Defendant will continue sending these unlawful communications to persons it knows are represented by counsel, causing imminent, irreparable damage to Plaintiff and Class Members as discussed above.

Therefore, by this order, Defendant National Lloyds and its agents, employees, trustees, attorneys, representatives, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby

1.      RESTRAINED from sending letters or similar communications to its agents or insureds relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements;

2.      RESTRAINED from destroying all documents and/or communications relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements; and

3.      Defendant National Lloyds is hereby ORDERED to respond to all requests propounded in **Exhibit A,** attached hereto, within ten (10) days of entry of this order.

4.      Plaintiff shall post bond in the amount of $100.00 _____ under Rule 684 of the Texas Rules of Civil Procedure.

5.      This order shall expire by its terms on August 13 , 2015, at which time a hearing on temporary injunction shall be held in this Court at 9:00 AM/PM to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.


ISSUED this 6th day of August , at 10:15 AM/PM.


_____
Hon. Roberto Flores


-2-


**R.0071**

| | | |
|---|---|---|
| ARGUELLO, HOPE, AND ASSOCIATES, | § | IN THE DISTRICT COURT OF |
| PLLC, INDIVIDUALLY AND ON | § | |
| BEHALF OF ALL | § | |
| OTHERS SIMILARLY SITUATED, | § | |
| Plaintiff, | § | |
| | § | |
| | § | HIDALGO COUNTY, TEXAS |
| VS. | § | |
| | § | |
| NATIONAL LLOYDS INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | 139th JUDICIAL DISTRICT |

## EXHIBIT A

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS PURSUANT TO TEMPORARY RESTRAINING ORDER

TO: DEFENDANT NATIONAL LLOYDS INSURANCE COMPANY, by and through its President, Darren E. Parmenter, 510 North Valley Mills Drive, Waco, TX 76710.

Plaintiff requests that the above-named Defendant, National Lloyds Insurance Company, disclose, within the time ordered by the Court, the information or material described in the following *Requests for Production of Documents Pursuant to Temporary Restraining Order.*

-1-

**R.0072**

Respectfully submitted,

**MOSTYN LAW**

*/s/ J. Steve Mostyn*
J. Steve Mostyn
State Bar No. 00798389
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
jsmdocketefile@mostynlaw.com

*/s/ Amber Anderson Mostyn*
Amber Anderson Mostyn
State Bar No. 90001704
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
ALA_Teamefile@mostynlaw.com

*/s/ Gregory F. Cox*
Gregory F. Cox
State Bar No. 00793561
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)
gfcdocketefile@mostynlaw.com

**ATTORNEYS FOR PLAINTIFF**

-2-

**R.0073**

## PLAINTIFF'S REQUESTS FOR PRODUCTION PURSUANT TO TEMPORARY RESTRAINING ORDER

1.  All documents and communications sent by National Lloyds containing language identical or similar to the documents attached hereto as Exhibit 1 since March 2012, including all drafts.

    **RESPONSE:**


2.  All documents and communications that National Lloyds sent to or received from an insured following the insured's termination of its attorney representation agreement since March 2012.

    **RESPONSE:**

R.0074



NATIONAL LLOYDS    AMERICAN SUMMIT

P.O. Box 2650 Waco, Texas 76702-2650

4/6/15

NOE PRO
2004 ORCHID AVE
MCALLEN, TX 785044152

RE: Policy Number HO6056466-08

Dear Agent,

On 3/26/2015 the attorney presented a demand to National Lloyds Insurance Company on behalf of your customer the amount of $104,568.57. Considering the size and scope of loss your insured suffered, we cannot agree to such a demand. However, we would like to resolve this claim.

We responded to the attorney in writing. At that time we requested information from your customer via their attorney related to this claim. To date, we have not received the requested information. National Lloyds Insurance Company's goal is to provide fast and fair claims handling for our insureds, and we hope that your customer's attorney shares our desire to reach a speedy resolution.

On 5/13/2014 we conducted an inspection of your customer's property and made an offer to settle the claim with the attorney. This offer was rejected by the attorney. We would have been able to make this settlement offer directly to your customer if not for attorney representation.

Should you have contact with your customer, please inquire of any manner in which we can be of help to them on their claim. If they would like to have their claim re-evaluated, or if they have questions about their claim, please let us know immediately so we can get you an appropriate response.

Should you happen to speak to this client and learn that they wish to dismiss their attorney, we have enclosed a form to help with that. PLEASE NOTE, we are not asking you to encourage your client to terminate their attorney/client relationship. But in case your client wants to terminate that relationship, the enclosed tool will facilitate that. As always, our primary objective is the proper handling of your client's claim.

Should you have any questions or concerns please contact us at the number below.

Sincerely,

Scott Mahathey, AIC
Claims Manager
Ph. 254-981-7110
FAX: 254-730-9110
smahathey@natlloyds.com

Cc: Kevin
Encl.: Sample Letter to Attorney



EXHIBIT

1

**R.0075**

Date: _____

To:
Arguello, Hope and Associates, PLLC
1110 Nasa Parkway
Houston, TX 77058

From:

Re: Termination of Contract, Claim Number NLS58274, National Lloyds Insurance Company

Dear Arguello, Hope and Associates, PLLC:

Please be advised that I would like to terminate our attorney-client relationship on the above-referenced matter. Any power of attorney I executed pertaining to this matter is hereby revoked. You are instructed to cease working on this matter and return all files associated with my case to my address above.

Sincerely,

_____



Mostyn Law

August 10, 2015

**Via Facsimile: 713-580-8910**
Scot Doyen
DOYEN SEBESTA, LTD., LLP
Paragon Center One
450 Gears Road, Suite 350
Houston, Texas

**Via Facsimile: 214-871-8200**
J. Richard Harmon
Jennifer Kearns
THOMPSON, COE, COUSINS & IRONS, LLP
Paragon Center One
450 Gears Road, Suite 350
Houston, Texas

**Via Facsimile: 956-580-9688**
Ricardo L. Salinas
LAW OFFICES OF SALINAS-FLORES
2011 N. Conway Avenue
Mission, Texas 78572-2965

      Re: Cause No. C-2916-15-C; Arguello, Hope and Associates, PLLC, Individually and on Behalf of All Others Similariy Situated v. National Lloyds Insurance Company; In the 139th Judicial District Court of Hidalgo County, Texas

Counsel:

      It has come to our attention that Exhibit A was inadvertently left off the service copy of the executed Temporary Restraining Order & Order Setting Hearing for Temporary Injunction. Please see Exhibit A to the TRO attached. Accordingly, we will agree to extend the deadline for your responses to these requests for production until ten (10) days from today. Please contact me with any questions or concerns.

                              Sincerely,

                              Greg Cox

Enclosure as stated.

EXHIBIT

B

R.0077

Electronically Filed
8/6/2015 11:45:00 AM
Hidalgo County District Clerks
Reviewed By: Taylor Saenz

CAUSE NO. C-2916-15-C

| | | |
|---|---|---|
| ARGUELLO, HOPE, AND ASSOCIATES, PLLC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, Plaintiff, | § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § § | HIDALGO COUNTY, TEXAS |
| NATIONAL LLOYDS INSURANCE COMPANY, Defendant. | § § § § | 139th JUDICIAL DISTRICT |

## TEMPORARY RESTRAINING ORDER & ORDER SETTING HEARING FOR TEMPORARY INJUNCTION

After considering Plaintiff Arguello, Hope, and Associates, PLLC's, individually and on behalf of all others similarly situated ("Plaintiff" and collectively, "Class Members"), application for temporary restraining order, the pleadings, the affidavits, and arguments of counsel, the Court finds there is evidence that harm is imminent to Plaintiff and Class Members, and if the Court does not issue the temporary restraining order, Plaintiff and Class Members will be irreparably injured because National Lloyds Insurance Company ("Defendant" or "National Lloyds") will continue to unlawfully interfere with existing attorney representation agreements of Plaintiff and Class Members causing the loss of innumerable clients, the inability to recover expenses spent on Plaintiff's and Class Members' cases, an indeterminable amount of Plaintiff's and Class Members' law firms' goodwill, and the overall future business of Plaintiff and Class Members.

An ex parte order, without notice to Defendant, is necessary because there was not enough time to give notice to Defendant, hold a hearing, and issue a restraining order before the irreparable injury, loss, or damage would occur. Specifically, without a temporary restraining

-1-

**R.0078**

order in place immediately, Defendant will continue sending these unlawful communications to persons it knows are represented by counsel, causing imminent, irreparable damage to Plaintiff and Class Members as discussed above.

Therefore, by this order, Defendant National Lloyds and its agents, employees, trustees, attorneys, representatives, and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, are hereby

1.      RESTRAINED from sending letters or similar communications to its agents or insureds relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements;

2.      RESTRAINED from destroying all documents and/or communications relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements; and

3.      Defendant National Lloyds is hereby ORDERED to respond to all requests propounded in **Exhibit A**, attached hereto, within ten (10) days of entry of this order.

4.      Plaintiff shall post bond in the amount of $100.00 under Rule 684 of the Texas Rules of Civil Procedure.

5.      This order shall expire by its terms on August 13, 2015, at which time a hearing on temporary injunction shall be held in this Court at 9:00 AM/PM to determine whether this temporary restraining order should be made a temporary injunction pending a full trial on the merits.

ISSUED this 6th day of August, at 10:15 AM/PM.

_____
Hon. Roberto Flores

-2-

DATE 8 / 06 / 15

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By_____Deputy#10

**R.0079**

# OFFICIAL RECEIPT
# Laura Hinojosa
## Hidalgo County District Clerk
P.O. Box 87, Edinburg, Texas 78540
phone: 956.318.2200      fax: 956.318.2251
districtclerk@co.hidalgo.tx.us



Payor
LAW OFFICE OF GILBERT HINOJOSA

Receipt No.
**SR-2015-1005**

Transaction Date
08/6/2015

| Description | Amount Paid |
|---|---|

On Behalf Of  National Lloyds Insurance Company
C-2916-15-C
Arguello, Hope, & Associates, PLLC, Individually and on behalf of all Others VS. National Lloyds Insurance Company
Bond Account

| | |
|---|---|
| Bond (CV) | 100.00 |
| **SUBTOTAL** | **100.00** |

**PAYMENT TOTAL** | **100.00**

| | |
|---|---|
| Check (Ref #2480) Tendered | 100.00 |
| Total Tendered | 100.00 |
| Change | 0.00 |

C-2916-15-C VOL 21/15

| 08/06/2015 | Cashier Lidia E | Audit |
|---|---|---|
| 11:51 AM | Station LE | 12083912 |

## OFFICIAL RECEIPT

**R.0080**

CAUSE NO. C-2916-15-C

| | | |
|---|---|---|
| ARGUELLO, HOPE, AND ASSOCIATES, | § | IN THE DISTRICT COURT OF |
| PLLC, INDIVIDUALLY AND ON | § | |
| BEHALF OF ALL | § | |
| OTHERS SIMILARLY SITUATED, | § | |
| Plaintiff, | § | |
| | § | |
| | § | HIDALGO COUNTY, TEXAS |
| VS. | § | |
| | § | |
| NATIONAL LLOYDS INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | 139th JUDICIAL DISTRICT |

## EXHIBIT A

## PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS PURSUANT TO TEMPORARY RESTRAINING ORDER

TO:   DEFENDANT NATIONAL LLOYDS INSURANCE COMPANY, by and through its President, Darren E. Parmenter, 510 North Valley Mills Drive, Waco, TX 76710.

Plaintiff requests that the above-named Defendant, National Lloyds Insurance Company, disclose, within the time ordered by the Court, the information or material described in the following *Requests for Production of Documents Pursuant to Temporary Restraining Order*.

-1-

**R.0081**

Respectfully submitted,


MOSTYN LAW

 */s/ J. Steve Mostyn*
J. Steve Mostyn
State Bar No. 00798389
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
jsmdocketefile@mostynlaw.com

 */s/ Amber Anderson Mostyn*
Amber Anderson Mostyn
State Bar No. 90001704
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
ALA_Teamefile@mostynlaw.com

 */s/ Gregory F. Cox*
Gregory F. Cox
State Bar No. 00793561
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)
gfcdocketefile@mostynlaw.com

**ATTORNEYS FOR PLAINTIFF**

-2-

**R.0082**

## PLAINTIFF'S REQUESTS FOR PRODUCTION PURSUANT TO TEMPORARY RESTRAINING ORDER

1.  All documents and communications sent by National Lloyds containing language identical or similar to the documents attached hereto as Exhibit 1 since March 2012, including all drafts.

    **RESPONSE:**

2.  All documents and communications that National Lloyds sent to or received from an insured following the insured's termination of its attorney representation agreement since March 2012.

    **RESPONSE:**

-3-

**R.0083**



**NATIONAL LLOYDS**     **AMERICAN SUMMIT**

4/6/15

NOE PRO
2004 ORCHID AVE
MCALLEN, TX 78504

RE: Policy Number HO805____-08

Dear Agent,

On 3/26/2015 the attorney presented a demand to National Lloyds Insurance Company on behalf of your customer the amount of $104,358.57. Considering the size and scope of loss your insured suffered, we cannot agree to such a demand. However, we would like to resolve this claim.

We responded to the attorney in writing. At that time we requested information from your customer via their attorney related to this claim. To date, we have not received the requested information. National Lloyds Insurance Company's goal is to provide fast and fair claims handling for our insureds, and we hope that your customer's attorney shares our desire to reach a speedy resolution.

On 9/15/2014 we conducted an inspection of your customer's property and made an offer to settle the claim with the attorney. This offer was rejected by the attorney. We would have been able to make this settlement offer directly to your customer if not for attorney representation.

Should you have contact with your customer, please inquire of any manner in which we can be of help to them on their claim. If they would like to have their claim re-evaluated, or if they have questions about their claim, please let us know immediately so we can get you an appropriate response.

Should you happen to speak to this client and learn that they wish to discuss their attorney, we have enclosed a form to help with that. PLEASE NOTE, we are not asking you to encourage your client to terminate their attorney/client relationship. But in case your client wants to terminate that relationship, the enclosed tool will facilitate that. As always, our primary objective is the proper handling of your client's claim.

Should you have any questions or concerns please contact us at the number below.

Sincerely,

Scott Mahaffey, AIC
Claims Manager
Ph: 254-_____
FAX: 254-730-____
smahaffey@nationla.com

Cc: Kevin
Encl: Sample Letter to Attorney



EXHIBIT 1

**R.0084**

Date: _____

To:
Arguello, Hope and Associates, PLLC
1110 Nasa Parkway
Houston, TX 77058

From:

Re: Termination of Contract, Claim Number NL388274, National Lloyds Insurance Company

Dear Arguello, Hope and Associates, PLLC:

Please be advised that I would like to terminate our attorney-client relationship on the above-referenced matter. Any power of attorney I executed pertaining to this matter is hereby revoked. You are instructed to cease working on this matter and return all files associated with my case to my address above.

Sincerely,

_____

R.0085

# Send Result Report
MFP



ECOSYS M3540idn

Firmware Version 2NM_2000.002.202 2014.10.22

08/10/2015 15:32
[2NM_1000.006.002] [2NM_1100.001.004] [2NM_7000.002.201]

Job No.: 000188          Total Time: 0°00'57"          Page: 009

# Complete

Document:          **doc0001882015081015303053**

---



Mostyn Law

August 10, 2015

**Via Facsimile: 713-580-8910**
Scot Doyen
DOYEN SEBESTA, LTD., LLP
Paragon Center One
450 Gears Road, Suite 350
Houston, Texas

**Via Facsimile: 214-871-8200**
J. Richard Harmon
Jennifer Kearns
THOMPSON, COE, COUSINS & IRONS, LLP
Paragon Center One
450 Gears Road, Suite 350
Houston, Texas

**Via Facsimile: 956-580-9688**
Ricardo L. Salinas
LAW OFFICES OF SALINAS-FLORES
2011 N. Conway Avenue
Mission, Texas 78572-2965

Re: Cause No. C-2916-15-C; Arguello, Hope and Associates, PLLC, Individually and on Behalf of All Others Similarly Situated v. National Lloyds Insurance Company; In the 139th Judicial District Court of Hidalgo County, Texas

Counsel:

It has come to our attention that Exhibit A was inadvertently left off the service copy of the executed Temporary Restraining Order & Order Setting Hearing for Temporary Injunction. Please see Exhibit A to the TRO attached. Accordingly, we will agree to extend the deadline for your responses to these requests for production until ten (10) days from today. Please contact me with any questions or concerns.

Sincerely,

Greg Cox

Enclosure as stated.

---

| No. | Date and Time | Destination | Times | Type | Result | Resolution/ECM |
|-----|---------------|-------------|-------|------|--------|----------------|
| 001 | 08/10/15 15:31 | **7135808910** | 0°00'57" | FAX | OK | 200x100 Normal/On |

[ LSH5  **R.0086**

# Send Result Report

MFP

ECOSYS M3540idn

Firmware Version 2NM_2000.002.202 2014.10.22



08/10/2015 15:44
[2NM_1000.006.002] [2NM_1100.001.004] [2NM_7000.002.201]

Job No.: 000191          Total Time: 0°03'05"          Page: 009

# Complete

Document:          doc00019120150810154012



Mostyn Law

August 10, 2015

Via Facsimile: 713-580-8910
Scot Doyen
DOYEN SEBESTA, LTD., LLP
Paragon Center One
450 Gears Road, Suite 350
Houston, Texas

Via Facsimile: 214-871-8200
J. Richard Harmon
Jennifer Kearns
THOMPSON, COE, COUSINS & IRONS, LLP
Paragon Center One
450 Gears Road, Suite 350
Houston, Texas

Via Facsimile: 956-580-9688
Ricardo L. Salinas
LAW OFFICES OF SALINAS-FLORES
2011 N. Conway Avenue
Mission, Texas 78572-2965

Re: Cause No. C-2916-15-C; Arguello, Hope and Associates, PLLC, Individually and on Behalf of All Others Similarly Situated v. National Lloyds Insurance Company; In the 139th Judicial District Court of Hidalgo County, Texas

Counsel:

It has come to our attention that Exhibit A was inadvertently left off the service copy of the executed Temporary Restraining Order & Order Setting Hearing for Temporary Injunction. Please see Exhibit A to the TRO attached. Accordingly, we will agree to extend the deadline for your responses to these requests for production until ten (10) days from today. Please contact me with any questions or concerns.

Sincerely,

Greg Cox

Enclosure as stated.

| No. | Date and Time | Destination | Times | Type | Result | Resolution/ECM |
|-----|---------------|-------------|-------|------|--------|----------------|
| 001 | 08/10/15 15:41 | **12148718209** | 0°03'05" | FAX | OK | 200x100 Normal/Off |

[ LSH5L07610 ]
**R.0087**

# Send Result Report
MFP



ECOSYS M3540idn

Firmware Version 2NM_2000.002.202 2014.10.22

08/10/2015 15:35
[2NM_1000.006.002] [2NM_1100.001.004] [2NM_7000.002.201]

Job No.: 000190          Total Time: 0°01'35"          Page: 009

# Complete

Document:          **doc00019020150810153349**



Mostyn Law

August 10, 2015

**Via Facsimile: 713-580-8910**
Scot Doyen
DOYEN SEBESTA, LTD., LLP
Paragon Center One
450 Gears Road, Suite 350
Houston, Texas

**Via Facsimile: 214-871-8200**
J. Richard Harmon
Jennifer Kearns
THOMPSON, COE, COUSINS & IRONS, LLP
Paragon Center One
450 Gears Road, Suite 350
Houston, Texas

**Via Facsimile: 956-580-9688**
Ricardo L. Salinas
LAW OFFICES OF SALINAS-FLORES
2011 N. Conway Avenue
Mission, Texas 78572-2965

Re: Cause No. C-2916-15-C; Arguello, Hope and Associates, PLLC, Individually and on Behalf of All Others Similarly Situated v. National Lloyds Insurance Company; In the 139th Judicial District Court of Hidalgo County, Texas

Counsel:

It has come to our attention that Exhibit A was inadvertently left off the service copy of the executed Temporary Restraining Order & Order Setting Hearing for Temporary Injunction. Please see Exhibit A to the TRO attached. Accordingly, we will agree to extend the deadline for your responses to these requests for production until ten (10) days from today. Please contact me with any questions or concerns.

Sincerely,

Greg Cox

Enclosure as stated.

| No. | Date and Time | Destination | Times | Type | Result | Resolution/ECM |
|-----|---------------|-------------|-------|------|--------|----------------|
| 001 | 08/10/15 15:34 | **19565809688** | 0°01'35" | FAX | OK | 200x100 Normal/On |

[ LSH9   7   **R.0088**

CAUSE NO. C-2916-15-C

| | | |
|---|---|---|
| ARGUELLO, HOPE, AND ASSOCIATES, PLLC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, Plaintiff, | § § § § § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HIDALGO COUNTY, TEXAS |
| NATIONAL LLOYDS INSURANCE COMPANY, Defendant. | § § § § | 139th JUDICIAL DISTRICT |

## ORDER ON PLAINTIFFS' MOTION FOR EMERGENCY HEARING

The Court, having considered *Plaintiff's Emergency Motion to Compel Defendant National Lloyds Insurance Company to Respond to Requests for Production of Documents Pursuant to Temporary Restraining Order, Motion for Costs, and Motion for Emergency Hearing*, the response(s) thereto, the evidence and record before it, and the arguments of counsel, finds that said Motion should be GRANTED; it is therefore,

ORDERED that the telephonic hearing for *Plaintiff's Emergency Motion to Compel Defendant National Lloyds Insurance Company to Respond to Requests for Production of Documents Pursuant to Temporary Restraining Order, Motion for Costs, and Motion for Emergency Hearing g* is hereby set on the ___25TH___ day of ___AUGUST___, 2015.

SIGNED this ___24TH___ day of ___AUGUST___, 2015.

_____
PRESIDING JUDGE

COPIES TO: Greg Cox, gfcdocketefile@mostynlaw.com; Amber Anderson Mostyn, ALA_Teamefile@mostynlaw.com; Gilberto Hinojosa, ghinojosa@ghinojosalaw.net; Scot Doyen, SDoyen@ds-lawyers.com; Jennifer Kearns, JKearns@thompsoncoe.com; Rick Harmon, RHarmon@thompsoncoe.com; Rick Salinas, rsalinaslaw@yahoo.com.

**R.0089**

CAUSE NO. C-2916-15-C

| | | |
|---|---|---|
| ARGUELLO, HOPE, AND ASSOCIATES, PLLC, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, Plaintiff, | § § § § § | IN THE DISTRICT COURT OF |
| v. | § § § | HIDALGO COUNTY, TEXAS |
| NATIONAL LLOYDS INSURANCE COMPANY, Defendants | § § § § | 139TH JUDICIAL DISTRICT |

**ORDER SETTING HEARING ON DEFENDANT'S MOTION FOR PROTECTIVE ORDER AND DEFENDANT'S MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER**

IT IS ORDERED that the hearing on Defendant National Lloyds Insurance Company's Motion for Protective Order and Defendant's Motion to Dissolve Temporary Restraining Order are scheduled for oral hearing on the **28th day of August, 2015** at **9:00 a.m.** in the 139th Judicial District Court of Hidalgo County, Texas.

SIGNED this 24TH day of AUGUST, 2015.

_____
JUDGE PRESIDING

Copies to:
J. Steve Mostyn, jsmdocketefile@mostynlaw.com; Greg Cox, gfcdocketefile@mostynlaw.com; Amber Anderson Mostyn, ALA_Teamefile@mostynlaw.com;Gilberto Hinojosa, ghinojosa@ghinojosalaw.net; Scot Doyen, sdoyen@ds-lawyers.com; Al Roberts, aroberts@ds-lawyers.com; Rick Salinas, rsalinaslaw@yahoo.com; Rick Harmon, rharmon@thompsoncoe.com; Alison Moore, amoore@thompsoncoe.com; Jennifer Kearns, jkearns@thompsoncoe.com

2265535v1
01505.013

**R.0090**

CAUSE NO. C-2916-15-C

| ARGUELLO, HOPE, AND ASSOCIATES, | § | IN THE DISTRICT COURT OF |
|---|---|---|
| PLLC, INDIVIDUALLY AND ON BEHALF | § | |
| OF ALL OTHERS SIMILARLY SITUATED, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| | § | |
| NATIONAL LLOYDS INSURANCE | § | |
| COMPANY, | § | |
|     Defendants | § | 139TH JUDICIAL DISTRICT |

**DEFENDANT NATIONAL LLOYDS INSURANCE COMPANY'S
RESPONSE TO PLAINTIFF'S EMERGENCY MOTION TO COMPEL**

TO THE HONORABLE COURT:

Defendant NATIONAL LLOYDS INSURANCE COMPANY ("Defendant" or "National Lloyds") files this its Response to Plaintiff's Emergency Motion to Compel and Motion for Costs, and respectfully shows the following:

1.    On August 6, 2015, the Court entered a Temporary Restraining Order and Order Setting Hearing for Temporary Injunction. The Temporary Restraining Order ("TRO") indicated that National Lloyds was:

(1)    Restrained from sending letters or similar communications to its agents or insureds relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements;

(2)    Restrained from destroying all documents and/or communications relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements; and

(3)    Ordered to respond to all requests propounded in Exhibit A, attached hereto within ten (10) days from entry of this Order.

**R.0091**

The TRO served on Defendant did not include Exhibit A. On August 10, 2015, Plaintiff's counsel apparently realized that Exhibit A was not attached to the TRO served on Defendant, and in an attempt to correct the flaw, and despite having no authority to modify the Order from this Court, Plaintiff's counsel attempted to do just that and offered Defendant an additional ten (10) days to respond to Exhibit A, or no later than August 20, 2015.

2.      On August 14, 2015, the Court granted an extension of the TRO until August 30, 2015, and a hearing on Plaintiff's Request for Temporary Injunction was previously set for Monday, August 31, 2015, and is now currently scheduled for August 28, 2015. The Court specifically encouraged the parties to work out their differences prior to the hearing.

3.      Following the hearing, Defendant offered to enter into a Rule 11 agreement with Plaintiff representing that Defendant is not sending letters or similar communications to its agents or insureds concerning Plaintiff's or Class Members' attorney-client representation agreements, and agreeing that Defendant will not send letters or similar communications to its agents or insureds concerning Plaintiff's or Class Members' attorney-client representation agreements in the future. This is the exact relief requested by Plaintiff in its Request for Temporary Injunction, making a hearing on Plaintiff's request entirely unnecessary and a waste of this Court's time. Defendant's offer included a request that Plaintiff allow the TRO to dissolve on August 30, 2015 without need for Defendant to object or respond to the request for documents included in Exhibit A attached to the TRO because those same requests are included in discovery sent by Plaintiff with its Original Class Action Petition and are due no later than September 2, 2015. Plaintiff has refused to accept Defendant's offer. A copy of the email exchange with Plaintiff's counsel is attached to this Response as Exhibit "A."

4. In light of Plaintiff's refusal, Defendant had no choice but to file a Motion for Protective Order and a Motion to Dissolve the Temporary Restraining Order, both of which are set for Friday, August 28, 2015.

5. In its Emergency Motion, Plaintiff claims it needs Defendant's responses to the two requests attached to the TRO, in order to fully and adequately prepare for the hearing on its Request for Temporary Injunction.

6. However, in light of Defendant's representation that it will refrain from doing the very conduct for which Plaintiff seeks to enjoin, the hearing on Plaintiff's Request for Temporary Injunction is completely unnecessary and a waste of judicial resources.

7. Additionally, because those same two requests for production attached to the TRO are included in the written discovery attached to Plaintiff's original Petition, Defendant's objections and/or responses to those two requests, along with nine other requests, will be provided on September 2, 2015.

8. For the reasons set forth above, and in light of Defendant's Motion to Dissolve the Temporary Restraining Order which has not yet been heard by the Court, Defendant respectfully requests that the Court deny Plaintiff's Emergency Motion to Compel.

WHEREFORE, PREMISES CONSIDERED, Defendant, NATIONAL LLOYDS INSURANCE COMPANY, prays that this Court deny Plaintiff's Emergency Motion to Compel and Motion for Costs. Defendant further requests such other and further relief, general and special, a law and equity to which it is entitled.

Respectfully submitted,

DOYEN SEBESTA, LTD., LLP

By:     */s/ Scot G. Doyen*
        Scot G. Doyen
        State Bar No. 00792982
        Alasdair A. Roberts
        State Bar No. 24068541
        Paragon Center one
        450 Gears Road, Suite 350
        Telephone:  (713) 580-8900
        Facsimile:  (713) 580-8910
        sdoyen@ds-lawyers.com
        aroberts@ds-lawyers.com


THOMPSON, COE, COUSINS & IRONS, LLP

By:     */s/ J. Richard Harmon*
        J. Richard Harmon
        State Bar No. 09020700
        Alison H. Moore
        State Bar No. 09836500
        700 N. Pearl Street, 25th Floor
        Dallas, Texas  75201
        Telephone:  (214) 871-8200
        Facsimile:  (214) 871-8209
        rharmon@thompsoncoe.com
        amoore@thompsoncoe.com

        Jennifer M. Kearns
        State Bar No. 24049865
        701 Brazos Street, 15th Floor
        Austin, Texas  78701
        Telephone:  (512) 708-8200
        Facsimile:  (512) 708-8777
        jkearns@thompsoncoe.com

LAW OFFICES OF SALINAS-FLORES

By: _/s/ Ricardo L. Salinas_
Ricardo L. Salinas
State Bar No. 00786220
2011 N. Conway Avenue
Mission, Texas 78572-2965
Telephone: (956) 584-3900
Facsimile: (956) 580-9688
rsalinaslaw@yahoo.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded to all counsel of record via hand delivery, USPS CMRRR, electronic service and/or facsimile on this the 24th day of August, 2015.

Steve Mostyn
Amber Anderson
Mostyn Law Firm
3810 W. Alabama Street
Houston, Texas 77027
713-861-6616 Facsimile

Gregory F. Cox
Mostyn Law Firm
6280 Delaware Street
Beaumont, Texas 77706
409-832-2703 Facsimile

Gilberto Hinojosa
Gilberto Hinojosa & Assocs., PC
622 East St. Charles
Brownsville, Texas 78520
956-544-1335 Facsimile

_/s/ Jennifer M. Kearns_
Jennifer M. Kearns



EXHIBIT

A

**From:** Gregory F. Cox [mailto:gfcox@mostynlaw.com]
**Sent:** Thursday, August 20, 2015 9:09 AM
**To:** Kearns, Jennifer
**Cc:** GFCdocketefile; Buzan, Cindy; Cameron, Sidney
**Subject:** Re: Arguello Hope v. National Lloyds

Jennifer,

Having considered the proposal, we are unwilling to extend the deadline for production of the materials ordered to be produced in connection with the temporary injunction

I reviewed Scot Doyens sworn testimony regarding these letters and, unless he gave false testimony, the volume of documents should be relatively small   I see no reason why you cannot simply produce those today

Sent from my iPhone

On Aug 19, 2015, at 12:55 PM, Kearns, Jennifer <JKearns@thompsoncoe.com> wrote:

> Greg,
>
> In light of our earlier discussions, I propose the following language to be incorporated into a Rule 11 Agreement:
>
> National Lloyds will represent and agree that it is no longer sending letters or similar communications to its agents or insureds relating to or concerning Plaintiff's and Class Member's attorney-client representation agreements and does not intend to send letters or similar communications to its agents or insureds relating to or concerning Plaintiff's and Class Member's attorney-client representation agreements in the future.
>
> In light of National Lloyds' representation and agreement, Plaintiff agrees to allow the Temporary Restraining Order to expire on August 30, 2015, as ordered by the Court, and the hearing on Plaintiff's Request for Temporary Injunction, currently scheduled for August 31, 2015, will be passed.  Plaintiff also agrees that National Lloyds will not have to respond to the two requests for production of documents attached to the TRO, which are currently due on August 20, 2015.  The two requests for production of documents attached to the TRO are also included in Plaintiff's

1

**R.0096**

Requests for Production of Documents served with its Petition, to which National Lloyds' objections and/or responses are currently due no later than September 2, 2015.

Please let me know if you can agree to this proposal, or have any revisions, as soon as possible. If we can agree, I will prepare the formal Rule 11 Agreement. If you have any questions or concerns, please call me. Thanks.

Sincerely,
Jennifer
(512) 745-5548 cell


<image001.gif> Jennifer M. Kearns
**Thompson Coe Cousins & Irons, L.L.P.**
701 Brazos St. | 15th Floor | Austin, TX 78701
Ph: 512.703.5032 | Fax: 512.708.8777
jkearns@thompsoncoe.com
bio | vcard | web

**Confidentiality Notice:** This e-mail message is for the sole use of the intended recipient(s) and may contain confidential and privileged information exempt from disclosure under applicable law. Unauthorized review, use, disclosure, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy the original and all copies of the message. Thank you.


Tax Advice Disclosure: Any U.S. federal tax advice contained in this communication, including any attachment(s), unless expressly stated otherwise, was and is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

**R.0097**

| ARGUELLO, HOPE, AND ASSOCIATES, | § | IN THE DISTRICT COURT OF |
| PLLC, INDIVIDUALLY AND ON BEHALF | § | |
| OF ALL OTHERS SIMILARLY SITUATED, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| | § | |
| NATIONAL LLOYDS INSURANCE | § | |
| COMPANY, | § | |
|     Defendants | § | 139TH JUDICIAL DISTRICT |

**DEFENDANT NATIONAL LLOYDS INSURANCE COMPANY'S
SUPPLEMENTAL RESPONSE TO PLAINTIFF'S
EMERGENCY MOTION TO COMPEL**

TO THE HONORABLE COURT:

Defendant NATIONAL LLOYDS INSURANCE COMPANY ("Defendant" or "National Lloyds") files this Supplemental Response to Plaintiff's Emergency Motion to Compel and Motion for Costs, and respectfully shows the following:

1. On August 6, 2015, the Court entered a Temporary Restraining Order and Order Setting Hearing for Temporary Injunction. The Temporary Restraining Order ("TRO") indicated that National Lloyds was:

(1) Restrained from sending letters or similar communications to its agents or insureds relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements;

(2) Restrained from destroying all documents and/or communications relating to or concerning Plaintiff's and Class Members' attorney-client representation agreements; and

*Defendant National Lloyds Insurance Company's*
*Supplemental Response to Plaintiff's Emergency Motion to Compel*      *Page 1 of 5*
2266176

**R.0098**

(3)      Ordered to respond to all requests propounded in Exhibit A, attached hereto within ten (10) days from entry of this Order.

The TRO served on Defendant did not include Exhibit A. On August 10, 2015, Plaintiff's counsel apparently realized that Exhibit A was not attached to the TRO served on Defendant, and in an attempt to correct the flaw, and despite having no authority to modify the Order from this Court, Plaintiff's counsel attempted to do just that and offered Defendant an additional ten (10) days to respond to Exhibit A, or no later than August 20, 2015.

2.      On August 14, 2015, the Court granted an extension of the TRO until August 30, 2015, and a hearing on Plaintiff's Request for Temporary Injunction is currently scheduled for August 31, 2015. The Court specifically encouraged the parties to work out their differences prior to the August 31, 2015 hearing.

3.      Today, counsel for Defendant wrote to Plaintiff's counsel advising that National Lloyds, without admitting fault or waiving any defenses, will refrain from sending letters to insureds or its agents relating to or concerning Plaintiff and class members' attorney-client representation agreements until either the Court enters or denies a permanent injunction or the case is dismissed. The letter is attached as Exhibit "A". <u>This is the exact relief requested by Plaintiff in its Request for Temporary Injunction, making a hearing on Plaintiff's request entirely unnecessary and a waste of this Court's time</u>.

4.      In its Emergency Motion, Plaintiff claims it needs Defendant's responses to the two requests attached to the TRO, in order to fully and adequately prepare for the hearing on its Request for Temporary Injunction. However, in light of Defendant's representation that it will refrain from doing the very conduct for which Plaintiff seeks to enjoin, the hearing on the Emergency Motion

and the August 31, 2015 hearing on Plaintiff's Request for Temporary Injunction is completely unnecessary and a waste of judicial resources.

5.	For the reasons set forth above, and in light of Defendant's Motion to Dissolve the Temporary Restraining Order which has not yet been heard by the Court, Defendant respectfully requests that the Court deny Plaintiff's Emergency Motion to Compel.

WHEREFORE, PREMISES CONSIDERED, Defendant, NATIONAL LLOYDS INSURANCE COMPANY, prays that this Court deny Plaintiff's Emergency Motion to Compel and Motion for Costs. Defendant further requests such other and further relief, general and special, a law and equity to which it is entitled.

Respectfully submitted,

DOYEN SEBESTA, LTD., LLP

By:	*/s/ Scot G. Doyen*
	Scot G. Doyen
	State Bar No. 00792982
	Alasdair A. Roberts
	State Bar No. 24068541
	Paragon Center one
	450 Gears Road, Suite 350
	Houston, Texas 77067
	Telephone: (713) 580-8900
	Facsimile: (713) 580-8910
	sdoyen@ds-lawyers.com
	aroberts@ds-lawyers.com

THOMPSON, COE, COUSINS & IRONS, LLP

By:     /s/ J. Richard Harmon
        J. Richard Harmon
        State Bar No. 09020700
        Alison H. Moore
        State Bar No. 09836500
        700 N. Pearl Street, 25th Floor
        Dallas, Texas  75201
        Telephone:  (214) 871-8200
        Facsimile:  (214) 871-8209
        rharmon@thompsoncoe.com
        amoore@thompsoncoe.com

        Jennifer M. Kearns
        State Bar No. 24049865
        701 Brazos Street, 15th Floor
        Austin, Texas  78701
        Telephone:  (512) 708-8200
        Facsimile:  (512) 708-8777
        jkearns@thompsoncoe.com


LAW OFFICES OF SALINAS-FLORES

By:     /s/ Ricardo L. Salinas
        Ricardo L. Salinas
        State Bar No. 00786220
        2011 N. Conway Avenue
        Mission, Texas  78572-2965
        Telephone:  (956) 584-3900
        Facsimile:  (956) 580-9688
        rsalinaslaw@yahoo.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been forwarded to all counsel of record via electronic service and/or facsimile on this the 24th day of August, 2015.

Steve Mostyn
Amber Anderson
Mostyn Law Firm
3810 W. Alabama Street
Houston, Texas 77027
713-861-6616 Facsimile

Gregory F. Cox
Mostyn Law Firm
6280 Delaware Street
Beaumont, Texas 77706
409-832-2703 Facsimile

Gilberto Hinojosa
Gilberto Hinojosa & Assocs., PC
622 East St. Charles
Brownsville, Texas 78520
956-544-1335 Facsimile

/s/ Jennifer M. Kearns
Jennifer M. Kearns

# THOMPSON
# COE

Thompson, Coe, Cousins & Irons, L.L.P.
Attorneys and Counselors

Jennifer Kearns
Direct Dial: (512) 703-5032
jkearns@thompsoncoe.com

Austin
Dallas
Houston
Los Angeles
Northern California
Saint Paul

August 24, 2015

*VIA Facsimile & U.S. Certified Mail*

Steve Mostyn
Amber Anderson
Mostyn Law Firm
3810 W. Alabama Street
Houston, Texas 77027
713-861-8084 Facsimile

Gilberto Hinojosa
Gilberto Hinojosa & Assocs., PC
622 East St. Charles
Brownsville, Texas 78520
956-544-1335 Facsimile

Gregory F. Cox
Mostyn Law Firm
6280 Delaware Street
Beaumont, Texas 77706
409-832-2703 Facsimile

Re: Cause No. C-2916-15-C; *Arguello, Hope & Associates, PLLC, Individually and on Behalf of All Others Similarly Situated vs. National Lloyds Insurance Company;* In the 139th Judicial District Court of Hidalgo County, Texas

Dear Gentlepersons:

As it relates to the Temporary Restraining Order entered in the above matter and Plaintiff's Request for Temporary Injunction, and without admitting fault in its conduct or any obligation to do so, National Lloyds represents it will refrain from sending letters or similar communications to its agents or insureds relating to or concerning Plaintiff and class members attorney-client representation agreements until either the Court enters or denies a permanent injunction or the case is dismissed.

Sincerely,

*/s/Jennifer M. Kearns*

J. Richard Harmon
Alison Moore
Jennifer M. Kearns



EXHIBIT

A

2265701v1
01505.013

701 Brazos | Suite 1500 | Austin, TX 78701 | (888) 708-8200 | Fax: (512) 708-8777

**R.0103**

## ** Transmit Conf. Report **

P.1                                         Aug 24 2015  12:57

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 919565441335 | NORMAL | 24,12:57 | 0'30" | 2 | # O K | |

# THOMPSON
# COE
Thompson, Coe, Cousins & Irons, L L P.
Attorneys and Counselors

| To: | Fax: | Phone: |
|---|---|---|
| Steve Mostyn/Amber Anderson | (713) 861-8084 | |
| Gregory Cox | (409) 832-2703 | |
| Gilberto Hinojosa | (956) 544-1335 | |
| | | |

**From:** Jennifer M. Kearns          **Phone:** (512) 703-5032

**Date:** August 24, 2015          **Time:**

**File No:** 01505.013          **User ID:** KEARJ

**Re:** Arguello Hope v. Republic Lloyds

**There are** _2_ **pages being sent, including this page.**

**If you are having difficulty receiving this document, please call:**

Cindy T. Buzan          at          (512) 703-5074

☐ Urgent          ☐ For Review          ☐ Please Comment          ☐ Please Reply

**Message:** Please see the attached letter

**Confidentiality Notice:** This message is intended only for the use of the individual or entity to whom it is addressed and may contain information that is confidential and protected from disclosure by law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any distribution or copying is prohibited. If you received this communication in error, please notify us immediately by telephone (collect), and return the original to us at the address below via U S Postal Service.

701 Brazos | Suite 1500 | Austin, TX 78701 | (888) 708-8200 | Fax: (512) 708-8777

**R.0104**

## ** Transmit Conf. Report **

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 914098322703 | NORMAL | 24,12:55 | 0'35" | 2 | # O K | |

# THOMPSON
# COE

Thompson, Coe, Cousins & Irons, L.L.P
Attorneys and Counselors

| To: | Fax: | Phone: |
|---|---|---|
| Steve Mostyn/Amber Anderson | (713) 861-8084 | |
| Gregory Cox | (409) 832-2703 | |
| Gilberto Hinojosa | (956) 544-1335 | |

**From:** Jennifer M. Kearns      **Phone:** (512) 703-5032

**Date:** August 24, 2015      **Time:** _____

**File No:** 01505.013      **User ID:** KEARJ

**Re:** Arguello Hope v. Republic Lloyds

**There are** _2_ **pages being sent, including this page.**

If you are having difficulty receiving this document, please call:

Cindy T. Buzan     at     (512) 703-5074

☐ Urgent     ☐ For Review     ☐ Please Comment     ☐ Please Reply

**Message:** Please see the attached letter.

Confidentiality Notice: This message is intended only for the use of the individual or entity to whom it is addressed and may contain information that is confidential and protected from disclosure by law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any distribution or copying is prohibited. If you received this communication in error, please notify us immediately by telephone (collect), and return the original to us at the address below via U.S. Postal Service.

**R.0105**

## ** Transmit Conf.Report **

| Fax/Phone Number | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 917138618084 | NORMAL | 24,12:53 | 0'52" | 2 | * O K | |

# THOMPSON
# COE

Thompson, Coe, Cousins & Irons, L.L.P.
Attorneys and Counselors

| To: | Fax: | Phone: |
|---|---|---|
| Steve Mostyn/Amber Anderson | (713) 861-8084 | |
| Gregory Cox | (409) 832-2703 | |
| Gilberto Hinojosa | (956) 544-1335 | |

**From:** Jennifer M. Kearns          **Phone:** (512) 703-5032

**Date:** August 24, 2015          **Time:**

**File No:** 01505.013          **User ID:** KEARJ

**Re:** Arguello Hope v. Republic Lloyds

**There are** _2_ **pages being sent, including this page.**

**If you are having difficulty receiving this document, please call:**

Cindy T Buzau          **at** (512) 703-5074

☐ Urgent          ☐ For Review          ☐ Please Comment          ☐ Please Reply

**Message:** Please see the attached letter.

**Confidentiality Notice:** This message is intended only for the use of the individual or entity to whom it is addressed and may contain information that is confidential and protected from disclosure by law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any distribution or copying is prohibited. If you received this communication in error, please notify us immediately by telephone (collect), and return the original to us at the address below via U.S. Postal Service.

**R.0106**

CAUSE NO. C-2916-15-C

| ARGUELLO, HOPE, AND ASSOCIATES, | § | IN THE DISTRICT COURT OF |
| PLLC, INDIVIDUALLY AND ON | § | |
| BEHALF OF ALL | § | |
| OTHERS SIMILARLY SITUATED, | § | |
| Plaintiff, | § | |
| | § | |
| | § | HIDALGO COUNTY, TEXAS |
| VS. | § | |
| | § | |
| NATIONAL LLOYDS INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | 93rd JUDICIAL DISTRICT |

## NOTICE OF HEARING

Please take notice that the **93RD DISTRICT COURT** will conduct an oral hearing on *Plaintiff's Emergency Motion to Compel Defendant National Lloyds Insurance Company to Respond to Requests for Production of Documents Pursuant to Temporary Restraining Order, Motion for Costs, and Motion for Emergency Hearing* on **TUESDAY, AUGUST 25, 2015, AT 11:00 A.M.**

Respectfully submitted,

**MOSTYN LAW**

*/s/ J. Steve Mostyn*
J. Steve Mostyn
State Bar No. 00798389
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
jsmdocketefile@mostynlaw.com

*/s/ Amber Anderson Mostyn*
Amber Anderson Mostyn
State Bar No. 90001704
3810 W. Alabama St.
Houston, Texas 77027
(713) 861-6616 (Office)
(713) 861-8084 (Facsimile)
ALA_Teamefile@mostynlaw.com

*/s/ Gregory F. Cox*
Gregory F. Cox
State Bar No. 00793561
6280 Delaware Street
Beaumont, Texas 77706
(409) 832-2777 (Office)
(409) 832-2703 (Facsimile)
gfcdocketefile@mostynlaw.com


**GILBERTO HINOJOSA & ASSOCS., P.C.**

*/s/ Gilberto Hinojosa*
Gilberto Hinojosa
State Bar No. 09701100
622 E. St. Charles
Brownsville, Texas 78520
(956) 544-4218 (Office)
(956) 544-1335 (Facsimile)
ghinojosa@ghinojosalaw.net


**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on this 22nd day of August, 2015 in accordance with the Rules of Civil Procedure.

/s/ Amber Anderson Mostyn
Amber Anderson Mostyn

**R.0109**

CAUSE NO. C-2916-15-C

| | | |
|---|---|---|
| ARGUELLO, HOPE, AND ASSOCIATES, | § | IN THE DISTRICT COURT OF |
| PLLC, INDIVIDUALLY AND ON | § | |
| BEHALF OF ALL | § | |
| OTHERS SIMILARLY SITUATED, | § | |
| Plaintiff, | § | |
| | § | |
| | § | HIDALGO COUNTY, TEXAS |
| VS. | § | |
| | § | |
| NATIONAL LLOYDS INSURANCE | § | |
| COMPANY, | § | |
| Defendant. | § | 139th JUDICIAL DISTRICT |

**ORDER ON PLAINTIFF'S EMERGENCY MOTION TO COMPEL DEFENDANT NATIONAL LLOYDS INSURANCE COMPANY TO RESPOND TO REQUESTS FOR PRODUCTION OF DOCUMENTS PURSUANT TO TEMPORARY RESTRAINING ORDER, MOTION FOR COSTS, AND MOTION FOR EMERGENCY HEARING**

The Court, having considered *Plaintiff's Emergency Motion to Compel Defendant National Lloyds Insurance Company to Respond to Requests for Production of Documents Pursuant to Temporary Restraining Order, Motion for Costs, and Motion for Emergency Hearing,* and the response(s) thereto, the applicable law and rules of procedure, and the arguments of counsel as allowed, finds that Plaintiff's motion should be granted; it is, therefore,

ORDERED that *Plaintiff's Emergency Motion to Compel Defendant National Lloyds Insurance Company to Respond to Requests for Production of Documents Pursuant to Temporary Restraining Order, Motion for Costs, and Motion for Emergency Hearing* is GRANTED; and it is,

FURTHER ORDERED that Defendant National Lloyds Insurance Company is to serve discovery responses and documents within __2__ business days from the signing of this order; and it is,

**R.0110**

FURTHER ORDERED that Defendant National Lloyds Insurance Company is to pay

Plaintiff for expenses, costs and attorney's fees for the prosecution of this motion to compel,

which evidence will be provided by Plaintiff if so ordered by the Court, or in alternatively, the

Court will assess the amount of $_____0_____which amount is to be paid within the next

20 days from the signing of this Order.

SIGNED this 25 day of ___August___, 2015.

_____
JUDGE PRESIDING

**Copies to**: Greg Cox, gfcdocketefile@mostynlaw.com; Amber Anderson Mostyn, ALA_Teamefile@mostynlaw.com; Gilberto Hinojosa, ghinojosa@ghinojosalaw.net; Scot Doyen, SDoyen@ds-lawyers.com; Jennifer Kearns, JKearns@thompsoncoe.com; Rick Harmon, RHarmon@thompsoncoe.com; Rick Salinas, rsalinaslaw@yahoo.com.

**R.0111**